ACCEPTED
01-21-00389-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/13/2023 1:16 PM
DEBORAH M. YOUNG
CLERK OF THE COURT

## NO. 01-21-00389-CV

In the First Court of Appeals Houston, Texas

### AUNDRA CRANE,

*Appellant,*

v.

### DOLORES OSTEEN,

*Appellee.*

## APPELLANT'S MOTION FOR REHEARING

On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 478,731

Muqallibu Deen El, TTEE
 WSCJR, ESTATE
 eldino@hushmail.com
5822 Knollwood Trl, Suite 1150
Spring, Texas  7 7 3 7 3
(281) 209-1539
(281) 973-9630 (fax)

Yasmin Atasi
 State Bar No. 10435150
 yatasi@winstead.com
Shelby Raye Holt
State Bar No. 24106140
sholt@winstead.com
WINSTEAD PC
 600 Travis St, Suite 5200
 Houston, Texas 77002
 (713) 600-4710
 (713) 600-4706 (fax)

### COUNSEL FOR APPELLANT

Motion for rehearing enbanc is requested in light of Exhibit CDI: *Hughes, Administrator, v. Fetter et al*, 341 U.S. 609 (1951) ("We hold that [Texas's] policy must give way. [. . .A] forum is regularly provided for cases of this

1



03/28/2025
873075339

nature[.]") because the May 11, 2023 judgment may have been "purely in order to extricate. . .from contractual liability" (*See*, Exhibit CDII: *First National City Bank v. Banco Para El Comercio Exterio De Cuba*, 462 U.S. 611, 627 n.18 (1983)) what "clear evidence and definite findings" (*Id.*) may prove to be a state enterprise. Id. *See, also*, <u>A Diplomat's Handbook of International Law and Practice,</u> by B. Sen (at pp. 316-17) on *Rights arising out of contracts and concessions* citing Exhibit CDIII: *Mavrommatis Concessions case*, P.C.I.J., Series A, No. 2 (1924), pp 11 and 12.

Accordingly, at a minimum, the case must be remanded for further proceedings.

Respectfully submitted,

/s/ Muqallibu Deen El

Muqallibu Deen El

## Certificate of Word Count

I, Muqallibu Deen El, hereby certify that the word count of the foregoing motion is machine counted at 156 words or meets the requirements of TEX. R. App. P. 9.4(i).

## Certificate of Service

I, Muqallibu Deen El, hereby certify that on or before June 13, 2023, a true and correct copy of the foregoing Appellant's Motion for Rehearing was sent by facsimile, e-mail, e-service, certified mail return receipt requested, hand delivery, and/or first class mail U.S. mail with postage fully prepaid thereon to:

Yasmin Atasi
WINSTEAD, P.C.
600 Travis St, Suite 5200
Houston, Texas 77002
(713) 600-4706
yatasi@winstead.com

2


03/28/2025
873075339



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Austin, TX 78723

Certified Mail Fee    $3.75                    0338
                        $2.05                    12
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00        Postmark
☑ Certified Mail Restricted Delivery $0.00       Here
☐ Adult Signature Required         $0.00
☑ Adult Signature Restricted Delivery
Postage    $1.56
                                    10/13/2021
Total Postage and Fees    $8.36

Sent To  *Vicar General - Diocese of Austin*
Street and Apt. No., or PO Box No.  *6225 E. US 290 Hwy SVRD EB*
City, State, ZIP+4®  *Austin, Texas 78723-1025*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Austin, TX 78723

Certified Mail Fee    $3.75                    0338
                        $2.05                    6
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00        Postmark
☑ Certified Mail Restricted Delivery $0.00       Here
☐ Adult Signature Required         $0.00
☑ Adult Signature Restricted Delivery $0.00
Postage    $1.56
                                    10/09/2021
Total Postage and Fees    $8.36

Sent To  *Vicar General - Diocese of Austin*
Street and Apt. No., or PO Box No.  *6225 E. US 290 Hwy Svrd EB*
City, State, ZIP+4®  *Austin, Texas 78723-1025*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Philadelphia, PA 19115

Certified Mail Fee    $3.75                    0338
                        $2.05                    12
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00        Postmark
☐ Certified Mail Restricted Delivery $0.00       Here
☐ Adult Signature Required         $0.00
☑ Adult Signature Restricted Delivery $0.00
Postage    $1.56
                                    10/13/2021
Total Postage and Fees    $8.36

Sent To  *Bureau of the Fiscal Service*
Street and Apt. No., or PO Box No.  *P.O. Box 51317*
City, State, ZIP+4®  *Philadelphia, Pennsylvania 19115-6317*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Philadelphia, PA 19115

Certified Mail Fee    $3.75                    0338
                        $2.05                    6
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00        Postmark
☐ Certified Mail Restricted Delivery $0.00       Here
☐ Adult Signature Required         $0.00
☑ Adult Signature Restricted Delivery $0.00
Postage    $1.56
                                    10/09/2021
Total Postage and Fees    $8.36

Sent To  *Bureau of the Fiscal Service*
Street and Apt. No., or PO Box No.  *P.O. Box 51317*
City, State, ZIP+4®  *Philadelphia, Pennsylvania 19115-6317*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

03/28/2025
873075339



## :Private &: confidential:

| | |
|---|---|
| From | **Dr. Muqallibu Deen El** <eldino@hushmail.com> |
| To | **ddinardo** <ddinardo@archgh.org> |
| Sent | Thursday, January 23, 2020 at 4:09 PM |
| Encrypted | No |
| Signed | No |

:Private &: confidential:

["*Most Reverend: I write on behalf of childhood saint Aundra Denise Owens. She was anointed in the 1970s and now lives at our shelter near Houston. She needs documentation of her anointment from that time to help establish her identity in a Harris County estate court. Funds in her estate relate back to her work in Brazil at Casa de Dom Inacio. We are available to meet with you at your earliest convenience, as a servant is worthy of her hire. This child of God has endured long enough. Godspeed, Deen~281-209-1539.*"]



03/28/2025
873075339

## :private &: confidential:

| | |
|---|---|
| From | **eldino <eldino@hushmail.com>** |
| To | **narons <narons@katskykorins.com>** |
| Sent | **Tuesday, August 17, 2021 at 2:01 PM** |
| Encrypted | No |
| Signed | No |

:private &: confidential:

[" *Hi Nicholas-gabriel, per conversation this afternoon for court record of marriage in Brazil, probably, before Judge Rosangela Rodrigues dos Santos, circa 1975-1980, between Walter Stanley Crane, Jr. and Aundra Denise Owens. Please reach me by phone at 281.209.1539 with updates or queries. Thanks, I am attorney-in-fact for Aundra.* ]



03/28/2025
873075339

10/28/22, 1:41 PM                    :private &: confidential: - Deen El (eldino@hushmall.com) - Hushmail

# :private &: confidential:

| From | M.D. El <eldino@hushmall.com> |
| --- | --- |
| To | **paul.lartey** <paul.lartey@lagray.org> |
| Sent | Thursday, April 23, 2020 at 2:25 PM |
| Encrypted | No |
| Signed | No |
| Attachments | 1-private & confidential.pdf |

:Private &: confidential:

["  *Greetings Paul! It is of dire need I appeal to you. I am a lawyer working on a case of "Payola for Private-indrement posing as Public charity" in Houston that requires the character of one the likes of which Dr. Khalid al-Mansour has demonstrated over the years to bring to bear on the matter. If you are the one degree of separation away from him, I would be eternally grateful for you to make the connection. As for the case, we met with the county attorney, Vince Ryan, on March 17th and served them the petition filed on March 5th in Probate Court #2. Since then, we have reason to know the clear and convincing reception the petition has had on the local bar for its positive statement of the law. The question, now, is ensuring justice which is reason we beg the support of a genuine elder whose description of the emotions in Nothing from Nothing Leaves Nothing I found particularly valuable along the Way. If only we can resolve this matter, I trust 8ther matters in light and life may be advanced. Accordingly, do be in touch by email or by phone at two8one-2zero9-one5three9. Salaam, Bro. Muqallibu.*  ]

03/28/2025
873075537



8/25/23, 10:01 AM                    Investigation ramps up into African art stashed in tax-payer funded shed in Harris County

NEWS         WEATHER         KPRC 2+         INVESTIGATES         TRAFFIC         SPORTS         DISCOVER

WEATHER ALERT          A warning and 4 advisories in effect for 34 regions in the area

## INVESTIGATES

# Investigation ramps up into African art stashed in tax-payer funded shed in Harris County

**Mario Díaz**, Reporter

Published: **August 11, 2020 at 9:08 PM**

Tags: **Harris County, African Artwork, Commissioner Rodney Ellis, DA Kim Ogg, Money, Investigates**

*Law enforcement requesting information after African art stash found in Harris County shed*



NEWS         WEATHER         KPRC 2+         INVESTIGATES         TRAFFIC         SP





8/25/23, 10:01 AM                    Investigation ramps up into African art stashed in tax-payer funded shed in Harris County

**HOUSTON** – Law enforcement officials are ramping up their investigation into a stash of **African artwork** that is being stored on the Harris County taxpayers' dime.

"Who has the keys to all this," KPRC 2 asked Harris County Precinct 1 Commissioner **Rodney Ellis's team earlier this year**. The shed is in Ellis' precinct but he wasn't talking.

"The buck stops with you, sir? What do you have to say to Harris County taxpayers about this?" asked KPRC 2 investigator Mario Diaz.

Since then, Ellis has spoken out, claiming it's a simple misunderstanding involving a small amount of art.

"We got a few pieces," explained Ellis during a Truth2Power Facebook Live in April. "We worked up an agreement with him. We didn't dot all of the I's and cross all of the T's but sometimes that happens."

However, Ellis did dot all the I's and cross all the T's in a 2018 Commissioner's Court contract. The contract KPRC 2 dug up was only for 14 pieces of art from a man with ties to Ellis' family. There are thousands of pieces of artwork in the shed.

"My sister told me, sister-in-law he has a great collection of African art," explained Ellis during his interview with Dr. Candice Matthews.

However, no mention has been made anywhere of the plans for a costly makeover at the shed, fumigation of the massive art stash or even the cost of warehousing it.

## County investigation?

"We have to get rid of special treatments for special groups," said Harris County District Attorney Kim Ogg on July 31. Her comments came minutes after she announced the indictments of former HPD officers embroiled in the botched Harding Street raid.

County officials told KPRC 2 that grand jury subpoenas for information and testimony tied to the findings at the shed have been sent out by the DA's Public Corruption Unit. Ogg did not confirm or deny the investigation.

"I assure you that the District Attorney's Office is as interested in public corruption in elected office as it is in the police department as it is in any private industry where it might exist," said Ogg.

 NEWS        WEATHER        KPRC 2+        INVESTIGATES        TRAFFIC        SPORTS



03/28/2025
873075339

The FBI has also requested information into the artwork as well. Meanwhile, Ellis' team is not providing the identities of the people Ellis personally brought into the shed.

## Attorney hired

Ellis has hired attorney Chris Feldman to help sort everything out.

"I've gotten Chris Feldman, an attorney, to go review it to see what recommendations he can put in place," Ellis told KPRC 2.

Feldman confirms he was retained to work solely on the art shed situation. Yet Ellis appears to be paying for Feldman's services through his campaign according to the commissioner's latest finance report.

About $45,000 has been paid to Feldman since March 10, for what is described as, "legal services to the campaign."

Feldman confirmed to KPRC 2 that his work surrounding the art shed is being paid with campaign dollars secured by Ellis from donors. Feldman said his work is considered an "officeholder expenditure," even though it is listed as "legal services to the campaign" in the report.

*Copyright 2020 by KPRC Click2Houston - All rights reserved.*

## ABOUT THE AUTHOR:



### Mario Díaz

Journalistic bulldog focused on accountability and how government is spending your dollars. Husband to Wonder Woman, father to a pitcher and two Cavapoos. Prefers queso over salsa.

 **email**

## More headlines:

NEWS        WEATHER        KPRC 2+        INVESTIGATES        TRAFFIC        SPORTS



CRIME

# HCSO: 39-year-old man wanted after he shot, killed his wife overnight; child unharmed

Ralph Cooper is believed to be driving a black Cadillac CTS with black rims. The license plate is MXD3808, according to deputies.



▶ ↺ ⟳   00:51 / 02:20  🔊                              ↗ ▣ ⚙ ⤢

Author: KHOU 11 Staff
Published: 6:24 AM CDT August 26, 2020
Updated: 6:31 AM CDT August 26, 2020



SPRING, Texas — Harris County sheriff's deputies are looking for a man accused of shooting his wife multiple times, killing her outside a home overnight.

The shooting was reported in the 5000 block of Forest Hurst, in the Spring area, after 8 p.m. Tuesday.

Sgt. D Wolford said Precinct 4 deputy constables were first ones on the scene, responding to a reported disturbance. Neighbors in the area said they heard the gunfire and called 911.





**Google** Maps    5800 Knollwood Tr, Spring, TX 77373 to 5000 Forest   Drive 3.2 miles, 8 min
Hurst Dr, Spring, TX 77373

🚗  **via Cypresswood Dr**      **8 min**

Fastest route now due to traffic    3.2 miles
conditions

**Explore nearby 5000 Forest Hurst Dr**



🍴 Restaurants    🛏 Hotels    ⛽ Gas stations    Ⓟ Parking Lots    ⋯ More



03/28/2025
873075339



Sponsored Link

**Why US Homeowners Are Rushing To Replace Their Windows**

ProFind Windows

HCSO deputies arrived to find the 49-year-old victim dead outside a home.

Investigators determined the shooter was the woman's 39-year-old husband, who Wolfford identified as Ralph Lee Roy Cooper.



Credit: HCSO
Ralph Lee Roy Cooper, 39, wanted in fatal shooting

The husband is believed to be armed and dangerous and remains on the run at this time. He is believed to be driving a black Cadillac CTS with black rims. The license plate is MXD3808, according to HCSO.

Deputies said the woman did not live at the home where she was shot and that she was visiting the home. Her name has not been released.



**Mark Herman, Harris County Constable Precinct 4**
@Pct4Constable · Follow

HAPPENING NOW: SHOOTING SCENE

Heavy police presence in the 5000 block of Forest Hurst Dr. Constables are on scene investigating a shooting.

Please avoid the area.

Investigation on scene continues.

10:44 PM · Aug 25, 2020                                    ⓘ

♡ 6      💬 Reply      🔗 Copy link

Explore what's happening on Twitter

The couple's child was home at the time and not physically hurt.

If you see the suspect, you should call 911 or call HCSO at 713-221-6000.

**Related Articles**

HPD: Suspect fatally shot during standoff after firing at officers and civilians in Montrose

Young man found dead after gunshots heard in southwest Houston apartment complex

2 women, man wounded in drive-by shooting outside Third Ward store

**Neuropathy & Nerve Damage? Do This Immediately (At Home)**
No More Tingling | Sponsored                                    Learn More

**Abandoned Movie Sets That Sit Frozen In Time**
Endeared | Sponsored

**Here Are 7 Legal Discounts Seniors Only Get If They Ask**
Great list of discounts and benefits for seniors in 2022.
Senior Discounts By National Penny | Sponsored                  Learn More



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 76565234
Filing Code Description: Motion for Rehearing - Exempt
Filing Description: Motion for Rehearing - Exempt
Status as of 6/13/2023 1:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Yasmin IslamAtasi | | yatasl@winstead.com | 6/13/2023 1:16:34 PM | SENT |
| Aundra HigginsCrane | | aundracrane@hushmail.com | 6/13/2023 1:16:34 PM | SENT |
| Muqallibu DeenEl | | eldino@hushmail.com | 6/13/2023 1:16:34 PM | SENT |



03/28/2025
873075339

FOIA Expedited Processing Disposition Reached for DOI-BIA-2021-0...          https://secure.hushmail.com/mail/eldino@hushmail.com/print/Crane%...

# FOIA Expedited Processing Disposition Reached for DOI-BIA-2021-006410

| | |
|---|---|
| From | **admin** <admin@foiaonline.gov> |
| To | **eldino** <eldino@hushmail.com> |
| Sent | Friday, April 15, 2022 at 7:01 AM |
| Encrypted | No |
| Signed | No |

Your request for Expedited Processing for the FOIA request DOI-BIA-2021-006410 has been denied. Additional details for this request are as follows:

- **Request Created on:** 09/30/2021
- **Request Description:** Record of registration in the Department of Interior of Aundra Owens Crane (certificate of live birth, provided) as a Brazilian Indian upon return, circa 1981, from Brazil. Due, in part, or wholly, to patri-lineal descent from grandfather July Adams and father Eugene Di Bradshaw, Sr., who was born, circa 1900 in Texas and married Deloris Sister Bradshaw (her obit, provided). It is believed this makes the existence of the record possible in the Southern Plains region, yet, it is also possible in the Eastern region, since I am not altogether certain that July did not migrate from Louisiana. In short, the appropriate sub-agency is unknown. Meanwhile, Brazil enters the equation upon Aundra's return therefrom, again, circa 1981, wherein citizenship was gained while there, circa 1975-1981. In closing, a durable power of attorney for me to request in Aundra's behalf is provided.
- **Expedited Processing Original Justification:** Lives have been lost concerning this matter to the best of my knowledge and belief, for which I gave a statement to the Criminal Investigation Division in Houston, Texas on October 10, 2018.
- **Expedited Processing Disposition Reason:** Did not provide adequate justification.

03/28/2025
873075539



3/1/2024, 4:26 PM

Image: Former Montgomery County Child Welfare Board/CPS President Terri Jaggers, who pled guilty to a Third-Degree Felony, Misapplication of Fiduciary Funds, and Class A Misdemeanor Theft. Jaggers, under the pretext that the raised money for orphans and children in foster care, ran at least two nonprofit organizations from which she and her husband profited immensely.

Conroe, July 11 – The Montgomery County Commissioners Court voted unanimously to authorize Montgomery County Attorney B.D. Griffin to file suit against former Montgomery County Child Welfare Board/CPS President Terri Jaggers, her husband attorney Pat Jaggers, and others to recover funds stolen from orphans, children in foster care, and nonprofit organizations established to benefit those children. The vote came at the end of the Court meeting on Tuesday, July 9, 2019, after Griffin brief Montgomery County Judge Mark Keough, the "People's Judge," and the four County Commissioners in a secret executive session.

After the Commissioners Court voted to authorize the lawsuit and give discretion to Griffin with respect to the people and entities whom the County government would sue, County Judge Mark Keough nominated four individuals to become Board members of the Child Welfare Board/CPS all of whose previous members had resigned in the wake of the Jaggers scandal. By law, the Child Welfare Board must have between 7 and 15 members, but Griffin explained that appointing 4 members would at least allow the Board to operate with a working quorum for the purpose of conducting business, as the Board awaits appointment of all of its new members.

The four individuals who the Commissioners Court unanimously appointed to the Board were Sue Watkins, Elizabeth Chappell, Kyle Kackey, and Matthew Burton.







Child Welfare Board member Sue Watkins.

Watkins is a renowned marriage counselor who previously served as the Executive Director of the Pregnancy Assistance Center North and as an Associate Pastor at Woods Edge Community Church. Watkins and her husband Dave have been actively involved in management of foster care organizations for a long time, although they do not derive any financial gain from their nonprofit work. Watkins is the Chair of the Love Fosters Hope Board of Directors.



Elizabeth Chappell.

Elizabeth Chappell was a successful realtor in The Woodlands and south Montgomery County before she decided to become a full-time volunteer for foster care organizations. Chappell serves on the Love Foster Hope Board and on the Board of Angel Reach.





Kyle Lackey with his family.

Kyle Lackey is the Executive Director of The Orphan Care Network, a position he has held since 2017. The purpose of The Orphan Care Network is to create relationships between churches and orphaned children.

Matthew Burton is a businessman who, along with his wife, is actively involved as a volunteer in foster care organizations. Burton holds an M.B.A. from Columbia University School of Business, worked as a missionary in Mexico City, and has held jobs in the financial services industry.

The appointments by Keough of those four individuals are refreshingly apolitical. All four of the appointments are individuals who have devoted substantial portions of their lives to foster children in a volunteer capacity.

That's quite a change from Jaggers who used the foster care "industry" as an engine to push money in her direction, particularly through the referral of legal matters to her attorney husband Pat Jaggers, who primarily practices adoption law. In addition to taking money for herself and her husband from her nonprofits and from the County's taxpayers, Jaggers also provided jobs for her son and helped local politicians, such as disgraced former County Judge Craig Doyal and Precinct 2 Montgomery County Commissioner Charlie Riley raise political funds.

United States Congressman Kevin Brady had filmed two different videos during which he called Jaggers "the JJ Watt of Texas Foster Care." Of course, those comparisons are grossly unfair to Mr. Watt.

Jaggers signed a written confession.





# E.TAY BOND

## THE LAW FIRM OF E. TAY BOND, P.C.

June 25, 2019

I, Terri Jaggers misappropriated funds that were entrusted to me while serving as the Board President for Orphan Care Solutions, and I am sorry. Orphan Care Solutions will be dissolved and I am resigning from all of my child welfare leadership positions. I am taking my punishment and admit I made mistakes. I am paying restitution in full for the funds I took from Orphan Care Solutions. I apologize to all who have trusted me, and to those who will be hurt because of my mistakes.

This letter is to serve as my Allocution/Confession Statement, and as a Resignation Letter to the Child Welfare Board, CPS Board, Hope's Path, Pay It Forward, and Texas Family Foster Association.

Terri Jaggers

Felon Terri Jaggers' confession.

As part of a plea agreement, Terri Jaggers was sentenced to the following:

**Misapplication of Fiduciary Property** (3rd Degree Felony):

- 7 Years Deferred Adjudication Probation – 9th District Court
- Pay a $1,000.00 Fine / Serve 3 Days in the Montgomery County Jail
- Resign from all leadership Board positions, including the Montgomery County Child Welfare and CPS Boards, Hope's Path, Pay It Forward, and the Texas Foster Family Association
- Pay $43,612.07 in Restitution to the Montgomery County CPS Board
- Pay $47,703.27 in Orphan Care Solutions remaining funds to the Montgomery County CPS Board
- Formally dissolve and terminate Orphan Care Solutions as a organization and 501(c)3 nonprofit
- Purchase a Generac Standby Generator (approximately value of $20,000.00) for Hope's Path
- Transfer remaining Orphan Care Solutions vehicles and tangible property to Hope's Path
- Agree to no future leadership involvement in 501(c)3 nonprofits or child welfare/orphan care/or foster care organizations

**Theft (Class 'A' Misdemeanor):**



03/28/2025
873075339

- Straight Conviction / Serve 3 Days in the Montgomery County Jail.

*Montgomery County Commissioners Court Authorizes Lawsuit To Recover Funds From "Orphan Thief" Jaggers, Appoints Four Child Welfare Board Members added by* **admin** *on July 11, 2019*
**View all posts by admin →**

## Comments

comments



Jaggers' release from jail after 12 hours, Commissi...          https://thegoldenhammer.net/jaggers-release-from-ja.

Microsoft Microsoft Corporation +6.56 160.39     Apple, Inc. +11.70 253.11     Alphabet Alphabet, Inc. 148.6  43° Cloudy



# Jaggers' Release From Jail After 12 Hours, Commissioners Court Corruption Headline Spectacular Week For Montgomery County Corruption

By admin on June 27, 2019 · No Comment



Image: On December 18, 2018, Terri Jaggers, convicted felon for Misappropriation of Trust Funds and convicted thief for stealing over

Privacy - Terms

03/28/2025
873075339



4/6/20. 9:34 AM

$100,000 funds from orphans, President of the Montgomery County Child Welfare Board, President of Montgomery County CPS, gave the speech in tribute to disgraced former Montgomery County Judge Craig Doyal during his last meeting running the Commissioners Court.

Conroe, June 27 – It was a spectacular week for Montgomery County corruption.

On Tuesday, June 25, 2019, the Montgomery County Commissioners Court removed one of the most ethical leaders in the community, Montgomery County Republican Party Vice Chairman Reagan Reed, from an "ethics committee" which the Commissioners Court had established to pretend to have a "code of ethics" in order to continue to receive state funds from the Texas Department of Transportation. The ethics committee has never met, has never had a complaint before it, and has essentially no enforcement power whatsoever.

Precinct 4 Montgomery County Commissioner James Metts moved to remove Reed from the ethics committee, because, he explained, "...I believed I had confidence in him that he would make good decisions and he would be unethical in anything to come before him on the committee. I no longer have that confidence."

At the same Commissioners Court meeting, the Court cut off many citizens speaking in favor of Reed during citizen comments while permitting citizens who spoke against Reed continuing to serve on the "ethics committee" to speak well past time limits set in advance. Clearly, the Commissioners Court found substantial disfavor with citizens speaking for ethics and wanted to encourage those who found disappointment that Reed "would [not] be unethical in anything to come before him on the committee."

Then to make matters even worse during the Commissioners Court meeting, the Commissioners Court refused to permit a citizen comment during discussion of items on the agenda, because the agenda item concerned the super-secret consent agenda. Once again, the Commissioners Court will not bear discussion of the items on the consent agenda until a time during the Court meeting long after the Commissioners Court considered items on the agenda. When the citizen finally spoke near the end of the meeting, the specific agenda item within

03/28/2025
873075339
2°
4/6/20, 9:34 AM
USA

Jaggers' release from jail after 12 hours, Commissi...          https://thegoldenhammer.net/jaggers-release-from-ja..

the super-secret consent agenda concerned the internal audit from Montgomery County Auditor Rakesh Pandey who found substantial payroll errors out of Montgomery County Treasurer Melanie Bush's Office. Clearly, the whole incident with preventing a citizen to speak was an attempt to protect the elected elite from criticism.

The Commissioners Court never addressed the problem with Bush's Office. Instead, the Court chose to sweep those matters under the rug of public opinion.

To add punctuation to an embarrassing week, the saga of Terri Jaggers, Commissioners Court-appointed Chair of the Montgomery County Child Welfare Board, President of Montgomery County Child Protective Services, and the President of at least two non-profit organizations which ostensibly raised money for orphans, began with her guilty plea to a felony conviction for Misapplication of Fiduciary Funds and a misdemeanor conviction for Theft. Jaggers admitted that she stole more than $110,000 from orphans and children in foster care, so that she could purchase jewelry for herself, go on plush trips with her husband, and improve her lavish home in Bentwater, along with other illegal expenditures.

The two convictions included the following punishments and other remedies:

As part of a plea agreement, Terri Jaggers was sentenced to the following:

**Misapplication of Fiduciary Property**(3rd Degree Felony):

- 7 Years Deferred Adjudication Probation – 9th District Court
- Pay a $1,000.00 Fine / Serve 3 Days in the Montgomery County Jail
- Resign from all leadership Board positions, including the Montgomery County Child Welfare and CPS Boards, Hope's Path, Pay It Forward, and the Texas Foster Family Association
- Pay $43,612.07 in Restitution to the Montgomery County CPS Board
- Pay $47,703.27 in Orphan Care Solutions remaining funds to the Montgomery County CPS Board
- Formally dissolve and terminate Orphan Care Solutions as a

3 of 7

4/6/20. 9:34 AM

organization and 501(c)3 nonprofit
- Purchase a Generac Standby Generator (approximately value of $20,000.00) for Hope's Path
- Transfer remaining Orphan Care Solutions vehicles and tangible property to Hope's Path
- Agree to no future leadership involvement in 501(c)3 nonprofits or child welfare/orphan care/or foster care organizations

**Theft (Class 'A' Misdemeanor):**

- Straight Conviction / Serve 3 Days in the Montgomery County Jail

Jaggers reported to the Montgomery County Jail on Tuesday, June 25, at 3:47 p.m., but the Sheriff's Office released her from Jail before 6 a.m. the next morning.

Around 11:30 a.m., on Wednesday, June 26, this newspaper raised Jaggers' quick release with Montgomery County District Attorney Brett Ligon, who responded to that matter as well as the strikingly short jail sentence for Jaggers. Ligon said, "My personal belief is that Terri Jaggers should spend every day of 10 years in prison. Period. But the reality is that when you're trying to negotiate and accomplish restitute, we need to do probation. The state's authority comes from those critical conditions of probation."

Ligon also expressed surprise at the short jail time for Jaggers. "When we asked the Judge to impose a 3-day sentence, we expected it would be two real nights in Jail."

At the request of law enforcement officials, this newspaper waited approximately three hours before contacting Montgomery County Sheriff Rand Henderson. Henderson returned the telephone call of *The Golden Hammer* a few minutes before 5 p.m. on Wednesday, June 26. Sheriff Henderson also expressed surprise at Jaggers' early release from the Montgomery County Jail.

Sheriff Henderson then explained, "We're going to ensure that Ms. Jaggers is going to spend her second night and third day in the Jail." The Sheriff said that Jaggers was to report to the Montgomery County Jail yesterday afternoon after he had admonished members of the Jail staff for "making an error" in releasing her.



*The Golden Hammer* did confirm that Jaggers returned to the Montgomery County Jail before 6 p.m. on Wednesday. Nevertheless, the Sheriff's Office allowed Jaggers to stay in the infirmary rather than with the general jail population. Interestingly, Jail records appeared to reflect that Jaggers served continuously from Tuesday afternoon through the entire day on Wednesday, when, in fact, Jaggers spent most of Wednesday at her lavish Bentwater home.

Disgraced former Montgomery County Craig Doyal gives a hug and kiss to Jaggers at a ceremony honoring Jaggers in 2016 in Conroe.

Jaggers developed close ties with many of Montgomery County's elected servants. In 2017, Jaggers successfully got the Montgomery County Commissioners Court to adopt two resolutions in a row which endorsed the adoption of children by transgender individuals. Despite misgivings of many individuals inside and outside of the foster care community, the Commissioners Court continued blindly to appoint Jaggers to leadership positions in the County government which enabled her defalcations of funds intended for orphans.

Jaggers and her husband, an attorney who enjoys a lucrative adoption



03/28/2025
873075339                    4/6/20  9:34 AM



| | **Check mail** | **Compose** | | |

doyle                                                                     Search

<u>Back</u>    Reply    Reply all    Forward    Delete    Move    Mark unread    More    . of 1

## :private &: confidential:

| From | M.D. El <eldino@hushmail.com> <u>hide details</u> |
| To | mdoyle <mdoyle@doylelawfirm.com> |
| Sent | Friday, April 24, 2020 at 10:48 AM |
| Encrypted | No |
| Signed | No |

<u>Show all headers</u>

---

<u>:Private &: confidential:</u>

[" *Greetings Michael. I am a Moorish diplomat with a witness that has information that may get to the truth of why the lives of Dennis and Rhogena were lost. If only you schedule an amenable time for us to stop in. Kind regards, El, M. Deen.* ]

---



03/28/2025
873075339

43° Cloudy

**Microsoft** Microsoft Corporation -2.03 210.39    **Apple, Inc.** -1.30 117.34    **Alphabet** Alphabet, Inc. -21.73 1,742.

# Montgomery County Commissioners Court Authorizes Lawsuit To Recover Funds From "Orphan Thief" Jaggers, Appoints Four Child Welfare Board Members

*By admin on July 11, 2019 · No Comment*



Privacy - Terms

03/28/2025
87 3075339


of Commissioner Precinct One in October 2018 and a new "art supervisor" was not hired again until October 2019.

The criminal investigation determined that the loan of African Art was never reduced to a written contract and approved by Commissioner's Court prior to the receipt of the art, in accordance with Texas Constitution Article 5 § 18 and case law. The investigation further determined that the Office of Commissioner Precinct One bore some expenses that may have been the responsibility of the owner of the African Art if a loan agreement consistent with other county art loan agreements had been in effect.

The investigation revealed from an examination of public records that the County Attorney's Office has drafted and Commissioner's Court has approved other art loan agreements. The art loan agreements generally follow a standard format and contain standard provisions. If the African Art were subject to an art loan agreement that conformed to the same standard provisions as other County Attorney and Commissioner's Court approved art loan agreements, then some expenses for which the owner may be responsible include the cost associated with delivering the African Art to the Harris County warehouse. Public records show that the cost of the delivery of the African Art was $10,000.

The examination of the standard provisions of art loan agreements drafted on other occasions by the County Attorney's Office and approved by Commissioner's Court for art loaned by other artists also reveals some expenses that would ordinarily be the responsibility of the county. If the African Art had been covered by a contract similar in terms to the contracts used with other artists on other occasions, then some expenses that the Office of Commissioner Precinct One incurred that properly would have been the responsibility of the county include protecting the art from fire, theft, damage, water, mishandling, dirt, vermin, pests, and extreme changes in light and humidity. Additionally, the county would have been required to give the art the same care as it does comparable property of its own. The investigation revealed that the Office of Commissioner Precinct One protected the African Art from fire, theft, damage, water, mishandling, dirt, vermin, pests, and extreme changes in light and humidity. The Office of Commissioner Precinct One discovered a wood-eating insect problem in some county buildings including in and around some of the displayed African Art. The Office of Commissioner Precinct One fumigated the county buildings and the African Art. The expense to fumigate the African Art totaled $16,000 including moving and fumigation.

The Office of Commissioner Precinct One stored the African Art in an un-air conditioned storage area of a county warehouse. The warehouse also housed a welding shop, an employee break room, and the Office of Commissioner Precinct One Art Department. The building is divided approximately into thirds. One third comprises the employee break room and Art Department, the second third comprises the storage area where the African Art was stored, and the final third consists of a welding shop.



The entire building had recently received renovations to protect it and its contents from fire, theft, damage, water, mishandling, dirt, vermin, pests, and extreme changes in light and humidity. The renovations were to seal water leaks, provide thermal protection, provide fire protection, install network connectivity, upgrade security, and install a concrete driveway and parking area. The only expenditure made exclusively to the storage area where the African Art was housed was the expansion of existing metal security cages used to store county property. The cost of the expansion of the security cages may be determined by calculating man-hours in the adjacent welding shop and the costs of the materials.

Renovations to the welding shop, employee break room, Art Department studio space, and the building as a whole included weather sealing to provide thermal and moisture protection ($129,808.97), a new roof ($33,504.09), roof insulation ($23,352.08), a new door ($4,250.00), air conditioning to the employee break room and Art Department ($29,769), network installation and security ($58,393.72), a new fire alarm system ($19,400), new rain gutters ($10,213.32), and an access gate and concrete driveway ($17,609.38). The total amount spent on the warehouse as a whole was approximately $326,300.56.

The investigation concluded that some standard procedures and best practices were not followed and more should have been done to ensure the proper use of taxpayer money and government resources. While the actions taken concerning the African Art may not be illegal, the taxpayers of Harris County deserve to have their taxpayer dollars spent wisely and in a transparent manner.

Therefore, I respectfully refer the matter back to the Harris County Attorney's Office, the appropriate entity to determine whether any civil remedies exist to recoup the Office of Commissioner Precinct One expenditures from the owner of the African Art and, if so, to pursue such civil remedies.

Sincerely,

Kim Ogg
District Attorney



# RE: Second attempt--RE: HHSC Medical Release Form

| | |
|---|---|
| From | **Elizabeth Jenkins (HHSC)** <Elizabeth.Jenkins@hhsc.state.tx.us> |
| To | **M.D. El <eldino@hushmail.com>** |
| Sent | Tuesday, July 14, 2020 at 2:14 PM |
| Encrypted | No |
| Signed | No |
| Attachments | image001.png |

Hello,

Sorry for the delay.

I am still not able to find that person by name in our system.

Can you provide any other information to do a proper search?

Respectfully,

*Elizabeth "Liz" Jenkins*

Administrative Assistant-Medical Records

Richmond SSLC

2100 Preston Street

Richmond, TX 77469

Office: (281) 344-4440 Fax: (281) 344-4516

Elizabeth.jenkins@hhsc.state.tx.us



**From:** M.D. El <eldino@hushmail.com>
**Sent:** Tuesday, July 14, 2020 2:00 PM
**To:** Jenkins,Elizabeth (HHSC) <Elizabeth.Jenkins@hhsc.state.tx.us>
**Subject:** Second attempt--RE: HHSC Medical Release Form

Liz,



Are you there?

Deen

On 7/9/2020 at 11:05 AM, "M.D. El" <eldino@hushmail.com> wrote:

> Liz,
>
> Esther Onuchukwu, upon return from the Republic of South Africa circa [1992], is also conceivable.
>
> Name on Texas birth record is Aundra Denise Owens.
>
> Deen
>
> On 5/4/2020 at 1:31 PM, "Elizabeth Jenkins (HHSC)" <Elizabeth.Jenkins@hhsc.state.tx.us> wrote:
>
>> I received the release form but I'm not pulling up your clients information by name or date of birth.
>>
>> Did she have a different last name at the time of admission?
>>
>>
>> Respectfully,
>>
>> *Elizabeth "Liz" Jenkins*
>>
>> Administrative Assistant-Medical Records
>>
>> Richmond SSLC
>>
>> 2100 Preston Street
>>
>> Richmond TX 77469
>>
>> Office:  (281) 344-4440 Fax: (281) 344-4516
>>
>> Elizabeth.jenkins@hhsc.state.tx.us



03/28/2025
873075339

Jaggers' release from jail after 12 hours, Commissi...          https://thegoldenhammer.net/jaggers-release-from-ja...

law practice, regularly gave political contributions to many elected
servants and invited them to gala fundraisers ostensibly for children.

🏷 Jaggers, Metts

*Jaggers' Release From Jail After 12 Hours, Commissioners
Court Corruption Headline Spectacular Week For Montgomery
County Corruption added by* admin on June 27, 2019
View all posts by admin →

# Comments

0 comments

**0 Comments**                                    Sort by  **Oldest**

 Add a comment...

Facebook Comments Plugin



03/28/2025
873075339

4/6/20, 9:34 AM

**David Mitcham**
First Assistant/Chief of Courts

**Vivian King**
First Assistant/Chief of Staff



Harris County District Attorney's Office
500 Jefferson Street, Suite 600
Houston, TX 77002

# HARRIS COUNTY DISTRICT ATTORNEY
## KIM OGG

October 28, 2021

Honorable Christian D. Menefee
Harris County Attorney
1019 Congress, 15ᵗʰ Floor
Houston, Texas 77002

Honorable Christian Menefee:

The Harris County Attorney's Office requested a criminal investigation into a matter involving a loan of African Art to the Office of Commissioner Precinct One on February 4, 2020. Prosecutors have concluded a thorough and independent investigation of the African Art loan. After the presentation of all of the evidence to a Harris County Grand Jury, the Grand Jury issued a No Bill today. This concludes the criminal investigation.

The criminal investigation consisted of, in part, the review of thousands of public county records including, but not limited to, audit records, county attorney records, previous and current county contracts, previous and current county art loan agreements, Commissioner's Court records, and thousands of hours of video. Additionally, the investigation included witness interviews, including those responsible for drafting county art loan agreements. However, any nonpublic information derived solely from Grand Jury proceedings remains confidential under state law.

The criminal investigation showed that the Office of Commissioner Precinct One and the County Attorney's Office drafted an art loan agreement for 14 pieces of African Art on March 7, 2017. The agreement was not signed by the art owner until August 15, 2017 and was not approved by Commissioner's Court until January 30, 2018. The African Art loan agreement was one of several art loan agreements drafted on behalf of the Office of Commissioner Precinct One by the County Attorney's Office. The Office of Commissioner Precinct One hired an "art director" for its newly created "Art Department" on February 1, 2018. Records indicate that an employee of the Office of Commissioner Precinct One accepted approximately 1,185 additional pieces of African Art before August 17, 2018. The African Art loan agreement was not updated to reflect the new pieces and no new agreement was created. The "Art Department" was housed at a county-owned warehouse at 4342 Reed Road. Interviews and records reveal that the Art Department created murals, moving monuments, and displayed a few pieces of the African Art in several locations in Precinct One such as county offices and one local festival. The Art Director left the Office



**From:** M.D. El <eldino@hushmail.com>
**Sent:** Monday, May 4, 2020 12:57 PM
**To:** Jenkins,Elizabeth (HHSC) <Elizabeth.Jenkins@hhsc.state.tx.us>
**Subject:** Re: HHSC Medical Release Form

> **WARNING:** This email is from outside the HHS system. Do not click on links or attachments unless you expect them from the sender and know the content is safe.

Thank you, Liz.

Please expedite prior to court hearing scheduled May 12th.

Deen

On 5/4/2020 at 10:57 AM, "Elizabeth Jenkins (HHSC)" <Elizabeth.Jenkins@hhsc.state.tx.us> wrote:

> Hello Dean,
>
> Attached is the medical release form you requested.
>
> If you need anything else please let us know.
>
> Respectfully,
>
> *Elizabeth "Liz" Jenkins*
>
> Administrative Assistant-Medical Records
>
> Richmond SSLC
>
> 2100 Preston Street
>
> Richmond TX 77469



03/28/2025
873075339

Office:  (281) 344-4440 Fax: (281) 344-4516

Elizabeth.Jenkins@hhsc.state.tx.us



03/28/2025
873075339

# Joel Osteen: Plumber Discovers Money, Checks In Wall Of Lakewood Church Years After $600K Burglary

By **Xaviera Bryant** - December 3, 2021



Joel Osteen_ Plumber Discovers Money, Checks In Wall Of Lakewood Church Years After $600K Burglary

All eyes are on **Joel Osteen** after a plumber, who was doing repairs at Lakewood Church in Texas, found envelopes full of cash and checks behind a loose toilet.

The discovery comes 7 years after $600,000 in check and cash disappeared from the church's safe in 2014.

No arrests were made in the case, which is still open with the Houston Police Department.

The plumber gave the details of his shocking discovery, made on November 10, 2021, during a call to 100.3 The Bull.



03/28/2025
873075339

1:

*THERE WAS A LOOSE TOILET IN THE WALL, AND WE REMOVED THE TILE.*

*WE WENT TO GO REMOVE THE TOILET, AND I MOVED SOME INSULATION AWAY AND ABOUT 500 ENVELOPES FELL OUT OF THE WALL, AND I WAS LIKE 'OH WOW!'*

A representative from Lakewood Church confirmed the discovery, telling KPRC:

*RECENTLY, WHILE REPAIR WORK WAS BEING DONE AT LAKEWOOD CHURCH, AN UNDISCLOSED AMOUNT OF CASH AND CHECKS WERE FOUND. LAKEWOOD IMMEDIATELY NOTIFIED THE HOUSTON POLICE DEPARTMENT AND IS ASSISTING THEM WITH THEIR INVESTIGATION.*

It's unclear how much cash was in the envelopes.

Watch the news report below.

Of course, the story has Joel Osteen trending in the streets of social media.



Peep a few tweets on page 2.

| 1 | **2** | › |

### Xaviera Bryant

Xaviera Bryant is the CEO and Founder of Ice Cream Conversations. She's a self-made entrepreneur with over 13 years of experience as an entertainment writer with integrity...and a sense of humor.

f  ⃝  in  𝕏  ▶



Learn More  |  Privacy



FILED
5/5/2021 10:20 AM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: JS

CAUSE NO. 4 7 8 7 3 1

| | | |
|---|---|---|
| IN THE ESTATE | § | IN THE PROBATE COURT |
| | § | |
| | § | |
| OF | § | OF |
| | § | |
| | § | |
| WALTER STANLEY | § | HARRIS COUNTY, TEXAS |
| CRANE JR, Deceased | § | |

### Request for Findings of Fact and Conclusions of Law

The court mindful of an immediate ethical obligation may find or conclude where, inter alia:
1. John Hillery Osteen had the power during his lifetime to control and dispose of the community property of his wife, Dolores, and himself, under *Becknal v. Atwood*, 163 Tex. 545 (1962), citing *Krueger v. Williams* (See, *e.g.* Exhibit CCI: Tex. P.J.C. 206.2A);
2. The fact upon proof (*i.e.* PRTS0305 ¶13, Exhibit XXII, excerpts ~ April 27, 2001 letter from Northern Trust's Vice President Stephen E. Utterback to City of Houston Convention & Entertainment Facilities Department Director G.J. "Jordy" Tollett) of the basic fact that "Lakewood Church and the Osteen Family utilize many of Northern Trust's banking and investment services.." is sufficient to prove the elemental fact that an express trust exists, as alleged, (*See*, PRTS0305 ¶16) in haec verba, and stands as truth by mandatory presumption when unrebutted for the presumed connection between the two facts (*See*, N. Kofele-Kale, Combating Economic Crimes: Balancing Competing Rights and Interests in Prosecuting the Crime of Illicit Enrichment, § 5.3 ALLOCATION OF BURDENS AND PRESUMPTIONS, note 154, and cases cited);
3. It is axiomatic that courts will not strain what is, essentially, a private act to make it divest the right of parties not uniting (*See*, PRTS0305 ¶19, Exhibit XLVI) in obtaining the act, as here, held in *Gallagher v. Bennett's Heirs*, 38 Tex. 291 (1873);
4. Lakewood Church as legal title holder is not an innocent purchaser under *Blanton v. Bruce*, 688 S.W.2d 908 (1985) citing, as follows: "*Amason v. Woodman*, 498 S.W.2d 142 (Tex. 1973); *Teagarden v. R.B. Godley Lumber Co.*, 105 Tex. 616, 154 S.W. 973 (Tex.1913); 4 LANGE, LAND TITLES sec. 335 (Texas Practice 1963)" which, from Exhibit CCII: CorporationWiki charts, would neither by declaration that one is no longer the acting vice-president, as here, absolve Dolores Osteen, individually (*See, Trinsey v. Pagliaro*, 229 F.Supp. 647 (1964) ("Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.");

By:                                                 Respectfully:

*Muqallibu*
_____                    ~~WALTER STANLEY CRANE JR ESTATE~~
Muqallibu                                        WALTER STANLEY CRANE JR ESTATE,
**ex. rel. Frederick George Dean**       Executrix
SCOTUS Bar no. 271157

## JURAT:

Texas State
Harris County

Sworn to as "the truth, the whole truth, and nothing but the truth" and subscribed before me under the penalty of perjury of these united states of America on the

4th day of May 2021 (year), by *Muqallibu*
                                                        (name of signer)

(Personalized Seal)
[Notary seal: EVA DORIS GRAHAM / Notary ID #10397997 / My Commission Expires / July 24, 2021]

_____
(Notary Public's Signature)       03/28/2025
                                                    873075339

RFFCL0504



# Teneshia Hudspeth
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### PROBATE COURTS DEPARTMENT

April 15, 2021

Muqallibu Deen El
5822 Knollwood Trail
Spring, Texas 77373

Re: Estate of Walter Stanley Crane, Jr., Deceased
    Docket # 478,731

Dear Mr. Muqallibu Deen El,

The enclosed exhibits received on 04/15/2021 is being returned to you unfiled because

☐ a correct Filing Fee of $_____ is due

☐ a Cashier's Check or Money Order must be submitted as personal checks are not acceptable through the mail

☐ an instrument was not received for filing

☐ a filing fee was not due for the instrument filed

☐ pursuant to the Supreme Court Order dated 12-13-2013; instruments must be submitted by electronic filing

☐ a notary acknowledgment is required

☐ a personal representative must be appointed before a claim can be filed

☐ the Probate Docket number must be provided before we can be of service

☒ all social security numbers and bank account numbers must be removed from your instrument prior to filing

☐ we have enclosed an updated form for your convenience

☐ your request was processed, please find enclosed receipt number _____

☐ returning Check/Money Order No. _____ in the amount of $_____

**Please make checks/money order payable to Teneshia Hudspeth, County Clerk.**

We look forward to the opportunity of serving you again in the future.

Sincerely,

Teneshia Hudspeth
County Clerk, Harris County, Texas
Jennifer Ayala
Deputy Clerk
Probate Courts Department

TH/ja
Enclosures



03/28/2025
873075339

AFTER HOURS FILED
IN THE MATTER
2021 APR -1 PM 4: 55

CAUSE NO. 478731

OF

WALTER STANLEY
CRANE JR, Deceased

§
§
§
§
§
§

IN THE PROBATE COURT

OF

HARRIS COUNTY, TEXAS

### Affidavit Restoring Capacity as General Guardian and General Executor

The court on the court's own motion or on the motion of any interested person, without notice, may rule the existence of a trust, and, thereafter, declare the existing status of trust property, where, *inter alia*:

1. For Exhibit CI: *McNally v. Haynes*, 59 Tex. 583 (1883) ("The principle that fraud will vitiate any and all instruments, and even the judgments and decrees of any and all courts, is so far as we are informed, of universal application.");

2. For Exhibit CII: *Jogy v. Voges*, 480 F. 3d 822, 826 (2007) ("It is [well] established however, that complaints need not plead legal theories.");

3. Motion for summary judgment is not authorized [Exhibit CIII: *Sanders v. King*, 6 Madd. 61 (1821) ("The discovery which a Court of Equity gives is not the mere oath of the party to a general fact, as partnership, or no partnership ; but an answer upon oath to every collateral circumstance charged as evidence of the general fact.");

4. "The constitution does not speak of the name on record: of the nominal party; it speaks of controversies[...]". [Exhibit CIV: *Bank of United States v. Deveaux*, 5 Cranch 61 (1809) (internal quotations omitted)] *See, infra, In re McUlta*, concerning not so much 'names' but 'controversies' as well;

5. "[I]f a cloud on title is void or has expired by its own terms, there is no limitations period on the equitable claim to declare the existing status." [Exhibit CV: *Ditta v. Conte*, 298 S.W. 3d 187, 192, citing *Ford v. Exxon Mobil Chem. Co.*, 235 S.W. 3d 615, 618-19 (Tex. 2007) (per curiam)];

6. Resulting trusts, and grounds for [Exhibit CVI: *Keyes v. Paducah & I. R. Co.*, 61 F. 2d 611, 613-14 (1932) ("A[] ground for such declaration of trust is the receipt of funds to be applied and used for a definitely designated purpose, but which are in fact fraudulently or unlawfully appropriated to other uses. This misapplication constitutes a wrongful act [for which the admitted wife of John Hillary Osteen, deceased, with whom he, as co-purchaser with Affiant of the 3700 Southwest Freeway parcel, is held to be "chargeable with notice of the vice" as held by the *AdeNally* court. *supra*, p. 583], and makes the [here, alleged] recipient [of keyplayer insurance proceeds] a trustee[.]") ] for [Exhibit CVII: *Thompson v. McCorkle*, 136 Ind. 484, 495 (1893) ("[b]y his death her status changed, and she became legally bound to pay one-third of the taxes to accrue thereafter during [her lifetime]") for, as held [Exhibit CVIII: *Roots v. Richardson*, 93 Tex. 365, 373 (1900) ("The superior right of the creditor, under the law, attached, upon the death of the debtor, in preference to the right[...]K of heirs, legatees, and devisees.") for *McCorkle, supra*, [at p. 494] citing *Bender v. Stewart*, 75 Ind. 88 (1881) ("[O]ne tenant in possession can not get title to premises against his cotenant, by allowing the property to be sold for taxes[...]") in a functioning State, for, although, in *Roots, supra*, it is given "that the act of a Legislature might extend [an] exemption if it were possible to make it broader than it is in the Constitution, but such acts of the Legislature can in nowise limit it[,]" for, even so, the Crane court holds that "[t]he State never owned this land" *McCorkle, supra*, [at p. 500] nor obtained custody of it, as held [Exhibit CIX: *Southern Pacific Transport Co. v. State*, 380 S.W. 2d 123 (1964) quoting *State by Parsons v. United States Steel Corporation*, 22 N.J. 341 (1956) ("The right of action to escheat or to obtain custody of unclaimed property is ... is dependent upon the integrity of the underlying obligation[.]")] wherein clear and convincing facts of hardcore *actual quo pro quo* bribery precludes the integrity for which said right of action depends;

7. "A trustee becoming a purchaser is answerable for any profit, he may derive from the transaction. The inconvenience of the rule is on purpose to guard against the commission of the fraud." [Exhibit CX: *Whichcote v. Lawrence*, 3 Ves. Jun. 740, 752 (1798)];

ARCGGGE0331


03/28/2025
87307S339

8. Fiduciary relations however informal come with duties. fiduciary [Exhibit CXI: *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (1980) quoting *Higgins v. Chicago Title & Trust Co.*, 312 Ill. 11 (1924) ("A fiduciary relation is not limited to cases of trustee and cestui que trust, guardian and ward, attorney and client, nor other recognized legal relations, but it exists in all cases in which influence has been acquired and abused, in which confidence has been reposed and betrayed, and the origin of the confidence is immaterial, and may be moral, social, or domestic, or merely personal.")], and, duties. statutory [Exhibit CXII: *State v. Snell*, 950 S.W.2d 108, 112 "Persons holding unclaimed property which has been deemed abandoned also have duties; they must report and deliver to Appellants all unclaimed property in their possession on an annual basis. Texas Property Code Annotated §§ 74.101, 74.301 (Vernon 1995)."];

9. Of course, "His conduct may be so covered. that it may be difficult to fix direct fraud upon him. But the doctrine of the Court would be completely overturned by permitting a trustee to gain profit to himself by the execution of his trust. That is undoubtedly established against Mr. Lawrence. and, there being no measure, by which I can tell, what has been the loss to the trust, I must make him account for all. he has made by the transaction[.]" ["Whereupon, supra, p. 752;" and, See Exhibit CXIII: *In re McUlta*, 189 F. 250 (1911) (whether taints run in the veins of the transaction before the court) as determinative, if not dispositive.

10. For the sovereign character of Affiant's Self-Supported Spiritual Ministry from Brazil, as alleged by the meditation trust account at Northern Trust Bank for which John Hillery Osteen had cosignatory authority on the account with Affiant, it is said "'Courts rarely find that a nation has waived its sovereign immunity without strong evidence that this is what the foreign state intended." Exhibit CXIV, *Coastal Cargo Co., Inc. v. M/V GUSTAV SULE*, 942 F.Supp. 1082, 1085 (E.D. La. 1996);

11. For Exhibit CXV: *City of Englewood v. Libra*, 773 F.2d 31, 36-37 (3d. Cir 1985) (nonpayment of taxes on diplomatic premises not a "commercial act"); Exhibit CXVI: *Phillipine Embassy Bank Account Case*, 85 ILR 146, 185-86 (1977) (delineates the established view in international law, *ne impeditur legatio*, that precludes levy on property which at the relevant time was being used by its diplomatic mission for the performance of its official functions); Exhibit CXVII: *Abdel-Fattah v. Comm'r*, 134 T.C. 190, 207-209 of "[.]he Secretary of State certifies reciprocity only upon the application by a foreign country for such certification.... .he impulse behind the statute was not to reign in an overly generous IRS and use a State Department certification process to restrict exemptions. On the contrary, the subject of real interest to the Congress (and to both the State Department and the Department of the Treasury) was the adverse foreign tax consequences to U.S. consular employees that was resulting from the lack of a reciprocal U.S. income tax exemption. The congressional impulse was to loosen the situation, not to tighten it — i.e., to create a statutory exemption so that the prior administrative practice could continue and U.S. workers in foreign countries would not become subject to foreign taxes."; Exhibit CXVIII: *Holbrook, Nelson & Co. v. Henderson*, 6 NYS 619, 4 Sandf. 619 (N.Y. 1839) (by implied invitation, therefore, express permission of the government is not requisite to enable an ambassador, on his mission from one foreign power to another, to enter this country and entitle himself to a free passage through it on his way to or from the power to which he is accredited); Exhibit CXIX: *Kolovrat v. Oregon*, 366 U.S. 187 (1961) (a "most-favored-nation" (MFN) treaty provision requires the United States to extend the same trade terms to the other party that it gives our most-favored trading partners); Exhibit CXIV; *supra*, at 1585, citing *Mangatta v. M/V IBN HAYYAN*, 35 F.3D 205, 209 (5th Cir. 1994) (though section 1605(b) "denies immunity to a foreign state that is subject to a maritime lien. it does not. however, allow the arrest of the vessel in contravention of section 1609 of ] SIA");

12. The *Opinion of Justices*, asks, "Can the legislature authorize a guardian of minors by a special act or resolve, to make a valid conveyance of the real estate of his wards?" and answers, "The objection to the exercise of such a power by the legislature. is, that it is in its nature both legislative and judicial. It is the province of the legislature to prescribe the rule of law, but to apply it to particular cases. is the business of the courts of law." After quoting in pertinent part from its bill of rights, the *Justices* continue in direct. certain. language that "The exercise of such a power by the legislature can never be necessary. By the existing laws, judges of probate have very extensive jurisdiction to license the sale of the real estate of minors by their guardians. if the jurisdiction of the judges of probate be not sufficiently extensive to reach all proper cases. it may be good reason why that

ARCGGGE0331


03/28/2025
873075339

jurisdiction should be extended; but can hardly be deemed a sufficient reason for the particular interposition of the legislature in an individual case...It is true, that the grant of such a license by the legislature to the guardian, is intended as a privilege and benefit to the ward. But by the law of the land, no minor is capable of assenting to a sale of his real estate in such a manner as to bind himself. And no guardian is permitted, by the same law, to determine when the estate of his ward ought, and when it ought not, to be sold. In the contemplation of the law, the one has not sufficient discretion to judge of the propriety and expediency of a sale of his estate, and the other is not to be entrusted with the power of judging." Exhibit CXX: *Opinion of Justices*, 4 N.H. 565 (1829) Therefore, "Can a ward be deprived of his inheritance, without his consent, by an act of the legislature which is intended to apply to no other individual?" The legislature was held by the Justices to be without authority, *See, also,* Exhibit CXXI: *Martin v. State*, 24 Tex. 61, 75 (1859) (Public recordation of a record with intent that any person may be defrauded constitutes a taking of a right for which "[i]t is not competent for the legislature to take away all remedy[.]");

¶ 3. Concerning damages, Exhibit CXXII: *Griffin v. Harris*, 39 Tex. Civ. App. 586, 591 (1905) ("[F]or the land and $80 rent[.]"), as held, *See* Exhibit CXIV: *supra*, at 1087, citing *Jet Line Services, Inc. v. M/V MARSA EL HARIGA*, 462 F.Supp. 1165, 1174 (D. Md. 1978) (the party bringing suit under 28 U.S.C. § 1605 (b)(1) shall be "liable for any damages sustained by the foreign state as a result of the arrest if the party bringing suit had actual or constructive knowledge that the vessel ... of a foreign state was involved"); Exhibit CXXIII: *Matter of Estate of Rothko*, 372 N.E.2d 291(N.Y. App., 1977) citing *Menzel v. List*, 24 N.Y.2d 91, 298 N.Y.S.2d 979, 246 N.E.2d 742 (N.Y. 1969) as authority for the allowance of appreciation damages where there is a duty to retain;

This *Amici* brief and affidavit is testimony for recordation into the Record.

By:                                    Respectfully;

_____                    *Walter Stanley Crane Jr Estate*

ex. rel. Frederick George Dean
SCOTUS Bar no. 271157

JURAT:

Texas State
Harris County

Sworn to as "                                              " and subscribed before
me under the penalty of perjury of these united states of America on the
31st day of March  2021  *Mugallibu* (year), by WALTER STANLEY CRANE JR ESTATE
                                              (name of signer)

(Personalized Seal)                *Chareeka S Antoine*
                                              (Notary Public's Signature)

CHAREEKA S ANTOINE
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 01AN6384302
COMM. EXP. 9|11|2021

ARCGGGE0331



03/28/2025
873075389

EXHIBIT XVII



03/28/2025
873075339



**CITY OF HOUSTON**
Legal Department

**Sylvester Turner**
Mayor

Ronald C. Lewis
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

December 13, 2019

*Sent via electronic mail to:*
Dr. Deen El
eldino@hushmail.com

Re:     Your Texas Public Information Act request received on September 25,
        2019, for City Council Motion 2001-0757, City of Houston Ordinance
        2003-1260, and the Lakewood Church glossy spiral bound brochure;
        Attorney General Informal Letter Ruling OR2019-34494. **GC No. 26185**

Dear Dr. El:

As you are aware from your copy of Attorney General Informal Letter Ruling 2019-34494, the City has received a response to our request for an opinion from the Attorney General.  Because the Attorney General has determined that we must release the responsive documents to you, we are closing our file on this matter.

By copy of this letter, we are requesting that the City Secretary's Office provide the responsive documents to you in accordance with the Attorney General's ruling.  If you have a question about your public information request, please contact Troy Lemon at (832) 393-1100.

Sincerely,

Jill Bradford
Senior Paralegal

Enclosure

cc:    Troy Lemon, City Secretary's Office

El 26185Z:\GENERAL\JMB\WH-19\El 26185.docx

Council Members:  Brenda Stardig  Jerry Davis  Ellen R. Cohen  Dwight A. Boykins  Dave Martin  Steve Le  Greg Travis  Karla Cisneros  Robert Gallegos  Mike Laster  Martha Castex-Tatum  Mike Knox  David W. Robinson  Michael Kubosh  Amanda Edwards  Jack Christie  Controller: Chris Brown

03/28/2025
873075339



# CITY OF HOUSTON
### Legal Department

**Sylvester Turner**

Mayor

Ronald C. Lewis
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

September 30, 2019

The Honorable Ken Paxton
Texas Attorney General
P. O. Box 12548
Austin, Texas 78711-2548

Attention:     Open Records Division

Re:     Public Information Act request received on September 25, 2019, from Dr. Deen El,
for City Council Motion 2001-0757, City of Houston Ordinance 2003-1260, and the
Lakewood Church glossy spiral bound brochure. GC No. 26185.

Dear General Paxton:

The City of Houston (the "City") received the above-referenced request on September 26, 2019 **(Exhibit 1)**. By
copy of this letter, the City is informing the requestor that the City believes the responsive information may be
excepted from public disclosure under sections 552.101, 552.104, and 552.110 of the Government Code. The
City Secretary's Office advises that it will make a portion of the responsive information available to the requestor.

### Section 552.305 of the Government Code

**Exhibit 2** contains third party information and the City will notify the third parties whose proprietary information
has been requested, that in order to protect their information from public disclosure, they must submit to your
office legal briefing justifying the withholding of its information.  *See* **Exhibit 2-A**, which is not responsive to the
instant request.  The City takes no position with respect to the public availability of the requested information and
will not raise any arguments on behalf of any third party.

The City respectfully requests a ruling on this matter.  Please do not hesitate to contact me at 832-393-6491 if
you need additional information.  Please include **GC No. 26185** in any future correspondence concerning this
request.

Sincerely,

Rebekah A. Wendt
Assistant City Attorney

Council Members: Brenda Stardig  Jerry Davis  Ellen R. Cohen  Dwight A. Boykins  Dave Martin  Steve Le  Greg Travis  Karla Cisneros
Robert Gallegos  Mike Laster  Martha Castex-Tatum  Mike Knox  David W. Robinson  Michael Kubosh  Amanda Edwards  Jack Christie
Controller: Chris Brown

03/28/2025
873075339

[The Honorable Ken Paxton
September 30, 2019
Page 2]

RAW/jmb

Enclosure(s)

cc:   ***Sent via electronic mail to:***
      Dr. Deen El
      eldino@hushmail.com
      (w/o Exhibits)

      Troy Lemon, CSC
      (w/o Exhibits)

Z:\GENERAL\RAW\TPIA\2019.09.23-27\El 26185.docx



PROBATE COURT **2**

DOCKET NO. 4̲7̲8̲7̲3̲1̲

| IN THE MATTER | § | IN THE ___ JUDICIAL DISTRICT |
| | § | COURT |
| | § | |
| OF | § | OF |
| | § | |
| | § | |
| WALTER STANLEY | § | HARRIS COUNTY, TEXAS |
| CRANE JR, Deceased | | |

### Petition for Removal of Trustee and Shareholders

The court on the court's own motion or on the motion of any interested person, without notice, may remove a personal representative Dolores Pilgrim Osteen, Executrix of John Hillery Osteen Estate; Dolores Pilgrim Osteen, Trustee of Aundra Denise Owens Trust; First National Bank of Lake Jackson Shareholders of Austin Colony, Inc., H. L. Baker, Jr.; Sheri Barnhart; Sheri or John Barnhart; John R. Barnhart III Trust; Matthew Barnhart Trust; Samantha Barnhart Trust; Jo E. Baker; Margaret Baker; Robert or Lisa Ballard; Harold E. Monical; Marcus D. Monical; Marty Lynn Monical Dunn; Harold E. Monical Jr; Mr. or Mrs. Harold E. Monical; Penny Monical Daigle; Tammi Monical Blevins; Perry Mueller, Jr.; James F. Brown; Richard M. Drake; Jeff Barfield; Sam Njumuri appointed under Title Two of the Estates Code who, *inter alia*:

1. Fails to return served notices or other processes with a deafening silence which can only be equated with fraud as held in [Exhibit I: *United States v. Prudden*, 424 F.2d 1021 (5th Cir., 1970)];

2. Fails to account where estate is large as held in [Exhibit II: *Dwyer v. Kaltayer*, 5 S.W. 75 (Tex..1887)];

3. Fails to follow ORDER TO OPEN SAFE DEPOSIT BOX;

4. Fails to allow Surviving Spouse access to Funds on an unknown material fact [Exhibit III: *American National Ins. Co. of Galveston v. Murray*, 383 F.2d 81 (5th Cir., 1967) (duty of disclosure owed where material fact is peculiarly within the knowledge of one party)], perhaps, that she is deceased, which is, herein, rebutted by the resurrected living woman in sovereign office [Exhibit IV: Corpus Juris Secundum, Fact of Death; Exhibit V: Cestui Que Vie Act of 1666; Exhibit VI: Moorish Holy Koran Chapter XLI Yehoshua Appears, Fully Materialized, Before Apollo and the Silent Brotherhood in Greece; Appears to Claudas and Juliet on Tiber near Rome; Appears to the Priests in the Egyptian Temple at Heliopolis – Ayat 35. *In flesh of man there is the essence of the resurrection of the dead. This essence quickened by the Holy Breath, will raise the substance of the Body to higher tone. Ayat 36. And make it like the substance of the bodies of the planes above, which human eyes cannot behold. Ayat 40. The will of man makes possible the action of the Holy Breath. When the will of man and will of Allah are one, the resurrection is a fact. Ayat 41. In this we have the chemistry of mortal life, the ministry of death, the mystery of deific life.*];

5. Fails to reply to Notice and Demand Affidavit, etc.;

6. Fails to follow POSSESSION ORDER FOR WILLS AND INSURANCE POLICIES in endeavorment, full-fledged [Exhibit VII: 8 Stat. 484; Treaty Series 244-2 Article 22], to abandon at sea the wife who, historically, passes the sea by the will of her husband [here, however, Aundra Higgins Crane El also passes the sea as heir of July Adams-El, who begat Eugene Bradshaw-El, who begat Aundra Owens-El [Exhibit VIII: Allodial American National Identification Card], and for which the Crane court requires that judicial notice is taken of this "injury done, without reason" [Exhibit VII, *supra*, Article 5];

7. Offends [Exhibit IX: United Nations Convention Against Corruption, Article 2(f)] for "freezing" or "seizure" or other interference with Article 2(d) property;

8. Offends United Nations Convention Against Corruption [Exhibit IX: *supra*, Article 8] Codes of Conduct for Public Officials, or, as deemed [Exhibit X: *Davis v. Elmira Savings Bank*, 16 S.Ct. 502, 503 (1896) "National banks are instrumentalities of the federal government[ and] created for a public purpose[.]"];

9. Offends United Nations Convention Against Corruption [Exhibit IX: *supra*, Article 19] Abuse of functions or position for Tana R. Ballard to intentionally misrepresent herself to be the person charged with the duty of safe deposit box keyholder at First National Bank of

*03/28/2025*

*873075339*

Page 120

Lake Jackson, Brazoria Branch, and, thereafter, fail to perform an act, in violation of laws, in the discharge of her 'as represented' (on December 20, 2019) functions;

10. Violates [Exhibit XI: Vienna Convention on Diplomatic Relations, Article 24] when relations at law, as here, entitle inviolability of Petitioner/Claimant archives [Exhibit XII: *Shearson Lehman Bros. Inc. v. Maclaine Watson & Co. Ltd. and others (International Tin Council Intervening)*, [1988] 1 All ER 116, 125, when and where a 'relationship of lender and borrower, bailor and bailee or principal and agent' exists]

11. Obstructs "[t]he object of Article 11, as well as of the entire Convention, [which] is essentially to protect the individual against arbitrary interference by public officials." [Exhibit XIII: Inter-Am. Comm. H.R., *Report No. 38/96, Ms. X* (Arg.), Oct. 15, 1996, para. 91; Exhibit XIV: American Convention on Human Rights, 1144 U.N.T.S. 123];

12. Willfully files false Annual Report of Holding Companies documents [Exhibit XV: 2018 Austin Colony, Inc., Federal Reserve FR Y-6; Exhibit XVI: 2016 Austin Colony, Inc., Federal Reserve FR Y-6] that omit, as alleged, Petitioner/Claimant's ownership stake by longstanding practice of entrenched willfulness, yet RSSD 1130829 is the telltale evidence of a savings and loan account issued to one, self-supporting, *feme sole*, circa 1980;

13. Fails to preserve the Aundra Denise Owens Trust/Estate (however termed/styled) for executrix of the John Hillery Osteen Estate, Dolores Pilgrim Osteen, to participate [Exhibit XVII: 2019 Public Information Act request; Exhibit XVIII: 2010 Adverse Dedication and news of; Exhibit XIX: 2003 Ordinance; Exhibit XX: 2001 Lease; Exhibit XXI: 2001 Fair Campaign motion; Exhibit XXII: 2001 Lakewood Church Fair Campaign proposal] in the 3700 Southwest Freeway parcel, as wife (via, perhaps, her right to take against the will), and, as vice-president of Lakewood Church [Exhibit XXII: *supra*, Statement of Ownership] is, as alleged, to abuse the poor laws as relate to orphans in ways "the Courts of Justice have always frowned upon the attempts [as void]" as held by a unanimous court in [Exhibit XXIII: *Respublica v. Keppele*, 2 U.S. 197, 199 (1793)];

14. Fails to preserve the Aundra Denise Owens Trust/Estate (however termed/styled) for executrix of the John Hillery Osteen Estate, Dolores Pilgrim Osteen, to participate in the 3700 Southwest Freeway parcel, as wife (via, perhaps, court decree), and, as vice-president of Lakewood Church (via 2001 Fair Campaign proposal & 2010 Adverse Dedication), is, as alleged, to abuse the laws of charity in ways Internal Revenue Service proceedings are not unconcerned [Exhibit XXIV: *First Nat. Bank of Fayetteville, Ark. v. U.S.*, 727 F.2d 741 (1984) and Exhibit XXV: *First Nat. Bank of Fayetteville, Ark. v. U.S.*, 1982 U.S. Dist. LEXIS 14070 (1982)];

15. Violates Vienna Convention on Diplomatic Relations [Exhibit XI: *supra*, Article 24 and Article 45] for failing to "respect and protect the premises of the mission, together with its property and archives" where, as here, mission head, Aundra Denise Owens, began her functions as self-supporting spiritual minister (SSM) wherein her very name is the ministry "in accordance with the practice prevailing in the receiving State" provided by [*Id.*, Article 13] and taught by [Exhibit XXVI: *What Gives a Moor Diplomatic Status?*] as evidence of what the law is from the desk of "the most qualified publicists of the various nations" and means for determining rules of law under [Exhibit XXVII: The International Court of Justice Statute, Article 38(1)(d)] for which the executrix of the John Hillery Osteen Estate and the author of Healed of Cancer, Dolores Pilgrim Osteen, was, herself, and as concerns her uterine child Lisa, too, subject to know of :Aundra-denise: Owens' prayers for healing, albeit without any mention made in her book, as, again, mission head and, also, as adopted child, nothwithstanding [Exhibit XXVIII: Texas Department of Family and Protective Services letter] in light of [Exhibit XXIX: Affirmation of Truth], meanwhile Texas Department of State Health Services with [Exhibit XXX: Affirmation of Truth 'II'] as relevant background, did offer a verbal *mea culpa* on December 19, 2019 at 2:13 PM from a 512-957-3175 to 832-246-2207 by self-admitted employee of said Department that Petitioner/Claimant's file had escaped their attention but was since found with August 25, 1970 as search criteria, although, to date, only [Exhibit XXXI: birth and death certificates for Walter Stanley Crane Jr] is the Petitioner/Claimant in receipt of by mail since January 11, 2020 – the death certificate of which the Crane court requires order of correction to line item #9 from Juanita Marie Walker to Aundra Higgins Crane due to fraud on the community, as held [Exhibit XXXII: *Osuna v. Quintana*, 993 S.W.2d 201 (Tex. App., 1999) (A third person who knowingly participates in the breach of a fiduciary duty may also be liable for that fraud.)], yet, on information and belief the Texas Department of State Health Services, a third 'person', should have information concerning the circa 1980 inter-country adoption of Petitioner/Claimant from Brazil, belatedly responsible [See, Exhibit XXXIII], by John Hillery Osteen through the Brazoria County enclave of the Texas Department of Family and Protective Services, also, a third person,

*[handwritten: 03/28/2025]*
*[handwritten: 873075339]*



### KEN PAXTON
ATTORNEY GENERAL OF TEXAS



December 9, 2019

Ms. Rebekah A. Wendt
Assistant City Attorney
City of Houston
P.O. Box 368
Houston, Texas 77001-0368

OR2019-34494

Dear Ms. Wendt:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 800889 (GC No. 26185).

The City of Houston (the "city") received a request for a specified city council motion, a specified city ordinance, and a specified brochure. You state the city will release some information to the requestor. Although you take no position regarding whether the submitted information is excepted from disclosure, you state release of the information at issue may implicate the proprietary interests of Crescent Real Estate, LLC; Lakewood Church ("Lakewood"); and Lewis Realty Advisors. Accordingly, you state, and provide documentation demonstrating, the city notified these interested third parties of the request for information and of their right to submit arguments to this office as to why the submitted information should not be released. *See* Gov't Code § 552.305(d); *see also* Open Records Decision No. 542 (1990) (statutory predecessor to section 552.305 permits governmental body to rely on interested third party to raise and explain applicability of exception in the Act in certain circumstances). We have received comments from Lakewood. We have considered the submitted arguments and reviewed the submitted information.

Initially, we note an interested third party is allowed ten business days after the date of its receipt of the governmental body's notice under section 552.305(d) to submit its reasons, if any, as to why information relating to that party should be withheld from public disclosure. *See* Gov't Code § 552.305(d)(2)(B). As of the date of this letter, we have not

Page 340



03/28/2025
873075339

Ms. Rebekah A. Wendt - Page 2

received comments from either of the remaining third parties explaining why the information at issue should not be released. Thus, we have no basis to conclude the remaining third parties have a protected proprietary interest in the information at issue. *See id.* § 552.110; Open Records Decision Nos. 661 at 5-6 (1999) (to prevent disclosure of commercial or financial information, party must show by specific factual evidence, not conclusory or generalized allegations, that release of requested information would cause that party substantial competitive harm), 552 at 5 (1990) (party must establish *prima facie* case that information is trade secret), 542 at 3. Therefore, the city may not withhold any portion of the submitted information on the basis of any proprietary interest either of the remaining third parties may have in it.

Section 552.110 of the Government Code protects (1) trade secrets and (2) commercial or financial information the disclosure of which would cause substantial competitive harm to the person from whom the information was obtained. *See* Gov't Code § 552.110(a)-(b). Section 552.110(a) protects trade secrets obtained from a person and privileged or confidential by statute or judicial decision. *Id.* § 552.110(a). The Texas Supreme Court has adopted the definition of trade secret from section 757 of the Restatement of Torts, which holds a trade secret to be:

> any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers. It differs from other secret information in a business . . . in that it is not simply information as to single or ephemeral events in the conduct of the business. . . . A trade secret is a process or device for continuous use in the operation of the business. . . . [It may] relate to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates or other concessions in a price list or catalogue, or a list of specialized customers, or a method of bookkeeping or other office management.

RESTATEMENT OF TORTS § 757 cmt. b (1939); *see also Hyde Corp. v. Huffines*, 314 S.W.2d 776 (Tex. 1958). In determining whether particular information constitutes a trade secret, this office considers the Restatement's definition of trade secret as well as the Restatement's list of six trade secret factors.[1] RESTATEMENT OF TORTS § 757 cmt. b. This

---

[1] The Restatement of Torts lists the following six factors as indicia of whether information constitutes a trade secret:

> (1) the extent to which the information is known outside of [the company];
> (2) the extent to which it is known by employees and other involved in [the company's] business;
> (3) the extent of measures taken by [the company] to guard the secrecy of the information;

Ms. Rebekah A. Wendt - Page 3

office must accept a claim that information subject to the Act is excepted as a trade secret if a *prima facie* case for the exception is made and no argument is submitted that rebuts the claim as a matter of law. *See* ORD 552 at 5. However, we cannot conclude section 552.110(a) is applicable unless it has been shown the information meets the definition of a trade secret and the necessary factors have been demonstrated to establish a trade secret claim. Open Records Decision No. 402 (1983). We note pricing information pertaining to a particular contract is generally not a trade secret because it is "simply information as to single or ephemeral events in the conduct of the business," rather than "a process or device for continuous use in the operation of the business." RESTATEMENT OF TORTS § 757 cmt. b; *see also Huffines*, 314 S.W.2d at 776; Open Records Decision Nos. 255, 232 (1979), 217 (1978).

Section 552.110(b) protects "[c]ommercial or financial information for which it is demonstrated based on specific factual evidence that disclosure would cause substantial competitive harm to the person from whom the information was obtained[.]" Gov't Code § 552.110(b). This exception to disclosure requires a specific factual or evidentiary showing, not conclusory or generalized allegations, that substantial competitive injury would likely result from release of the information at issue. *Id.*; *see also* ORD 661 at 5-6.

Lakewood generally asserts its information at issue is excepted from disclosure under section 552.110 of the Government Code. Upon review, we find Lakewood has not shown any of the information at issue meets the definition of a trade secret or demonstrated the necessary factors to establish a trade secret claim. *See* Gov't Code § 552.110(a). We also find Lakewood has failed to establish release of the information at issue would cause it substantial competitive injury. *See id.* § 552.110(b). Therefore, the city may not withhold any portion of the submitted information under section 552.110 of the Government Code. The city must release the submitted information.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at https://www.texasattorneygeneral.gov/open-government/members-public/what-expect-after-ruling-issued or call the OAG's Open

---

(4) the value of the information to [the company] and [its] competitors;
(5) the amount of effort or money expended by [the company] in developing the information;
(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

RESTATEMENT OF TORTS § 757 cmt. b; *see also* Open Records Decision Nos. 319 at 2 (1982), 306 at 2 (1982), 255 at 2 (1980).



03/28/2025
873075339

Ms. Rebekah A. Wendt - Page 4

Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Public Information Act may be directed to the Cost Rules Administrator of the OAG, toll free, at (888) 672-6787.

Sincerely,

Matthew Taylor
Assistant Attorney General
Open Records Division

MHT/jxd

Ref:    ID# 800889

Enc.    Submitted documents

c:      Requestor
        (w/o enclosures)

c:      3 Third Parties
        (w/o enclosures)



03/28/2025
873075339

with Case Identification Number 72223728 and, otherwise, the Crane court wishes that adverse inferences be drawn against the State of Texas, a third person (i.e. corporation), and Dolores Pilgrim Osteen, a third person, for the unrebutted truth of the matters Petitioner/ Claimant asserts, *passim*, herein [Exhibit XXXIV: *Paresky v. United States*, 139 Fed.Cl. 196 (2018) states: "(1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense," citing *Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)] in ways functioning States [Exhibit XXXV: The Zodiac Constitution, by C.M. Bey] are not unconcerned of non-State actors, such as, Sam Njunuri [Exhibit XXXVI: *infra*] with the alleged blessing of Dolores Pilgrim Osteen, for which Lisa Ott states in Enforced Disappearance in International Law, at p. 23, "If enforced disappearance would be committed by non-State actors in a functioning State, they will receive assistance by the police and the judiciary. [See, *e.g.*, Exhibit XXXVI: Petitioner/Claimant's, alleged, collection of African artwork returned from a diplomatic mission via a private plane chartered for Petitioner/Claimant by, as alleged, John Hillery Osteen, as alleged, trustee of Petitioner/Claimant or, arguably, as honorary Article 17 [Exhibit XI, *supra*] diplomatic staff of Petitioner/Claimant in respect of the national character of the collection, here, for which a record was, without a doubt or contradiction, made by John Hillery Osteen in either of the foregoing capacities alleged.] In contrast, if enforced disappearance is committed on behalf of the State, they have no other instance to turn to.";

16. Violates Vienna Convention on Diplomatic Relations [Exhibit XI: *supra*, Article 24 and Article 45] for failing to "respect and protect the premises of the mission, together with its property and archives" and violates, to boot, American Convention on Human Rights [Exhibit XIV: *supra*, Article 21(1), Article 21(2), and Article 21(3)] where, as here, the 3700 Southwest Freeway parcel is, as alleged, the mission premises of mission head, Aundra Denise Owens, by purchase, as held to be domestic law, in a decision adopted-in-full by the Supreme Court of Texas, to wit [Exhibit XXXVII: *Johnson v. Wood*, 157 S.W.2d 146, 148 (1941) "This case is distinguishable from one in which a party merely has a right to cancel a conveyance for fraud or upon some other ground. In such a case, the party having such right has no equitable title to the premises, but merely a cause of action for cancellation. That right differs materially from the right of one acquiring an equitable title through a bond for title or through the performance of an executory contract to convey."] through transfer of funds to vendor, Warren Buffett, circa 1996, from the principal trust account of Aundra Denise Owens Trust (however termed/styled) opened at Northern Trust Bank of Texas, N.A., circa 1980, with "appointee", John Hillery Osteen, by "the old proprietor", Aundra Denise Owens/Osteen, notably, preceding by a dozen years Lakewood Church account history at the same establishment [See, Exhibit XXII: *supra*, Credit References & Bank Financial Letter] wherein the maxim of law governing the facts, here, is [Exhibit XXXVIII: *Duke of Marlborough v. Lord Godolphin*, 2 Ves. Sen. 61, 70 (1750) "that the acts done in consequence and by virtue of an authority, and pursuant thereto, are the acts of the old proprietor, and of that day wherein he, in virtue of his ownership, [here, ownership of a medallion's worth of vested right *stricto sensu* to Brazilian earnings as a self-supporting spiritual minister (SSM) upon return to the jurisdiction of my national domicile – North America circa 1980] delegated that authority : and this maxim the law pursues throughout."];

17. Fails, for fraud, under longstanding precedent (See, *Duke of Marlborough*, *supra*, at 70 "For the mother's power was only to distribute … [S]he is no more than bailiff or steward … She can neither gain or lose by the execution or non-execution … nor take money from a child [much less, the old proprietor] for doing it : which would be set aside as fraudulent.");

18. Fails to bear the weight of [Exhibit XXXIX: Restatement Second on Agency, Section 389], which not only burdens the agent to show, but shifts the burden to show up front that the agent "acts in good faith and without consciousness of wrong doing" in transactions where, as here, agent has a substantial interest in the deal;

19. Fails to bear the weight of [Exhibit XL: Restatement Second on Trusts, Section 170], which states "It is his duty as trustee to prevent the sale if possible[]" rather than "worketh in the dark as a mole" [Exhibit XLI: Moorish Holy Koran, Chapter LVI, Sincerity] with judgment affected by inducements to favor her Lakewood Church interests, not unlike [Exhibit XLII: *Matter of Estate of Rothko*, 372 N.E.2d 291, 294 (N.Y. App., 1977) "in a position where his personal interests conflicted with those of the estate, especially leading

to lax contract enforcement efforts"] here, among other things, lax enforcement of the keyplayer insurance provision owed *uberrima fides* in the, circa 1996, contract of sale of the 3700 Southwest Freeway parcel through misapplication of the proceeds of said keyplayer insurance provision, say, as mise-money for composition of tithes, or, otherwise, by placement of the keyplayer insurance proceeds into court, but willful omission, thereafter, to convey the Property into the Aundra Denise Owens Trust (however termed/styled) with a valid deed [Exhibit XLIII: *Schindler v. Pepple*, 158 S.W.3d 784 (Mo. App., 2005) states: This litigation commenced when the trustees discovered that the trusts did not own the Property and requested that plaintiffs convey their shares of the Property to the trusts.] in pursuit, instead, to have sold and, thereby, purchase "through" [Exhibit XLIV: *Arnold v. Brown*, 24 Pick. 89, 96–97 (Mass., 1832) "encroachments and overreachings of the artful — [as] [t]here may be formal sales made by an executor, administrator, guardian, or trustee, to themselves, or to others for them, but the legal property will still remain unchanged and chargeable with the same trusts as before."] means various and sundry, including escheats, advowsons in gross, fairs, liberties, and markets in the post, or somewhat else pre- and/or post-, as artifice, which is the malfeasance that led to the "wrongful intrusion" that "originated in a trespass" [Exhibit XLV: *Sabariego v. Maverick*, 8 S.Ct. 461, 480 (1888) states: [T]he defendant's possession is, in the first instance, presumed to be rightful. To overcome that presumption the plaintiff, showing no better right by a title regularly deduced, is bound to prove that, being himself in prior possession, he was deprived of it by a wrongful intrusion by the defendant, whose possession, therefore, originated in a trespass.] for which claim against the 2010 adverse dedication is, hereby, alleged and, thereby, rebuts any assent presumed [Exhibit XLVI: *City of Cincinnati v. Whites Lessee*, 31 U.S. 431, 440 (1832)] and authorizes fiduciary removal on the grounds of "gross misconduct" or "gross mismanagement" [Exhibit XLVII: *In re Estate of Miller*, 243 S.W.3d 831, 840 (Tex. App., 2008) states: [where], at a minimum: (1) any willful omission to perform a legal duty; (2) any intentional commission of a wrongful act; and (3) any breach of a fiduciary duty that results in actual harm to a beneficiary's interests exist] [See, e.g., Exhibit XXXV: *supra*, for actual and eminent harm to Petitioner/Claimant's, alleged, collection of African artwork], and "set aside" of the sale, wherein, [*Matter of Estate of Rothko*, *supra*, at p. 294 "[S]aid contracts were voidable and were set aside by reason of violation of the duty of loyalty and improvidence of the executors, knowingly participated in and induced by [the corporations for which the executors held a personal interest]"] or, "set aside" as provided by [Exhibit XLVIII: Section 192 of Restatement on Restitution, Quasi Contracts, and Constructive Trusts; Exhibit XLIX: The Declaration of London at 1943–1 For. Rel. U.S. 443; Exhibit L: Government Law No.59 (1947) on the Restitution of Identifiable Property; Exhibit XIV: *supra*, Article 63(1)] for, "If the suggestion [of title] in this case be examined, it is deemed perfectly clear that no title whatever to the [3700 Southwest Freeway parcel deed, here] in question was vested in the State of [Texas, the City of Houston, or the County of Harris]" as held [Exhibit LI: *United States v. Judge Peters, The.* 5 Cranch 115, 140 (1809)] and, as taught [Exhibit LII: *Matter of City of New Rochelle v. Republic of Ghana*, 44 Misc.2d 773 (Westchester Co. Ct, 1964)];

20. Fails, for deceptive trade, as held [Exhibit LIII: *Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705, 706 (1983) states: Under the DTPA [Deceptive Trade Practices and Consumer Remedies Act], goods include "real property purchased ... for use," Tex. Bus. & Com. Code Ann. § 17.45(1).] and, for no friend to warn one, *caveat emptor*, in that Lakewood Church as tenant for years, notwithstanding [Exhibit XXII: *supra*, Declaration of a would-be hornbook property law bona fide, good faith, purchaser for value, without notice], anyhow, could not purchase any more than the City of Houston had, in want of a confidence, which was short of a seisin that the statute of uses requires for which the Crane court acknowledges [Exhibit LIV: *Cowper's Case*, 145 ER 130 (1535)] and, therefore, after all of the endeavorments, is, in the light of this day with remedy of (1) revoking any letters of administration granted on the estate of Aundra Denise Owens (Higgins/Osteen/Crane) El, as needed, (2) drawing adverse inferences for spoliation, *passim*, herein, upon Dolores Pilgrim Osteen, Executrix of John Hillery Osteen Estate or Dolores Pilgrim Osteen, Trustee of Aundra Denise Owens Trust (however termed/styled) as needed, and/or (3) unsealing the court record of the John Hillery Osteen Estate as needed to find, as held [Exhibit LV: *Staley v. Kreinbihl*, 89 N.E.2d 593, 599 (Ohio, 1949)] "that the goods or bills or coin came into the hands of the defendant [here, John Hillery Osteen, circa 1980] impressed with a trust to his knowledge. In every such case the holder must respond either in the article taken or its value[]" and declare that Dolores Pilgrim 03/28/2025

873095359

Osteen as holder, must respond, to 'the old proprietor' – *droit droit, plurimum juris, plurimum possessionis*, accordingly;

21. Fails to return served notices or other processes [Exhibit LVI] because the representative John Hillery Osteen, Trustee, is deceased since January 23, 1999 and the Aundra Denise Owens Trust/Estate (however termed/styled) is (1) in default of execution now called for under Article 1, § 10 of the Constitution for the United States of America standing obligations to an express trust which are higher than statutes and cannot be abridged [Exhibit LVII: *Eliot v. Freeman*, 31 S.Ct. 360 (1911)], (2) in breach that authorizes removal of the wrongdoer(s) for their bad faith in their office of trustee(s), (3) for the wrongdoer(s) to convey to the Petitioner/Claimant the legal title to the property(s) with the registration of the judgment to be made to operate as the conveyance(s), as held [Exhibit LVIII: *Nash v. Sutton*, 117 N.C. 231 (1895)], and (4) for any further relief the court deems just and proper;

The court may remove a personal representative under section 361.051(6) only on the presentation of clear and convincing evidence given under oath.

By:                                    Respectfully:

*Muqallibu Deen El,*                   *Aundra Higgins Crane*
Muqallibu Deen El,                     WALTER STANLEY CRANE JR ESTATE,
  Diplomat – MDNM: 201245310             Executrix
ex. rel. Frederick George Dean
  SCOTUS Bar no. 271157

**JURAT:**

Texas State
Harris County

Sworn to and subscribed before me on the

__4__ day of __March 2020__ (year), by __Aundra Higgins Crane__.
                                          (name of signer)

                                        _X_____
                                        (Notary Public's Signature)



03/28/2025
873075339



§ 3.Checklist—Drafting complaint in action to determine..., 24 Am. Jur. Pl. & Pr....

**24 Am. Jur. Pl. & Pr. Forms Trusts § 3**

**American Jurisprudence**    September 2018 Update

**Pleading and Practice Forms Annotated**

**Trusts**

**II. Actions to Determine the Existence of and to Enforce Express Trusts**

§ 3. Checklist—Drafting complaint in action to determine existence of or to enforce express trust

Topic Summary    References    Correlation Table

In an action or proceeding to determine the existence of or to enforce an express trust, the complaint, petition, or declaration should, among other things, state:

- Residence or other jurisdictional facts, if required.
- Facts laying venue of action, if required.
- Diversity of citizenship and amount in controversy, if complaint is to be filed in federal court as diversity action.
- Statute pursuant to which action is brought, if applicable.
- Name of settlor of trust, and, if in question, settlor's competency to create trust.
- Oral declaration or written instrument by which trust was created. (A written trust instrument should be pleaded in haec verba or attached as exhibit and incorporated by reference.)
- Manifestation of intention to create trust.
- Property included in trust estate, and definite and complete present disposition of the property.
- Provision for office of trustee.
- Designation of beneficiaries, and their interests.
- Trust purpose.
- Other terms of trust.
- Any other circumstances showing intent of settlor to create and creation of trust.
- Necessity of court's intervention (for example, refusal of grantee of property to hold it in trust for beneficiaries).
- Request for relief.

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**End of Document**                                        © 2018 Thomson Reuters. No claim to original U.S. Government Works.



03/28/2025
873075339

## *DURABLE POWER OF ATTORNEY*

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY ACT, SUBTITLE P, TITLE 2, ESTATES CODE. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF, THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;

(2) your agent resigns or is unable to act for you; or

(3) a guardian is appointed for your estate.

I, Aundra Higgins Crane, residing at 5822 Knollwood Trail, Spring, Texas 77373, hereby appoint Muqallibu Deen El of 5822 Knollwood Trail, Spring, Texas 77373, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

- Real property transactions
- Tangible personal property transactions
- Stock and bond transactions
- Commodity and option transactions
- Banking and other financial institution transactions
- Business operating transactions
- Insurance and annuity transactions
- Estate, trust, and other beneficiary transactions
- Claims and litigation
- Personal and family maintenance
- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service
- Retirement plan transactions
- Tax matters
- Digital assets and the content of an electronic communication

Page 1 of 5



03/28/2025
873075339

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me. However, the preceding sentence shall not have the effect of revoking any powers of attorney that are directly related to my health care that previously have been signed by me.

**SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION:** My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

### GRANT OF SPECIFIC AUTHORITY:

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. Consultation with an attorney is recommended before granting any of these specific powers).

In addition to the above powers, my agent will have the authority to:
- Create, amend, revoke, or terminate an inter vivos trust
- Make a gift, subject to the limitations of Section 751.032 of the Durable Power of Attorney Act (Section 751.302, Estates Code) and any special instructions in this power of attorney
- Create or change rights of survivorship
- Create or change a beneficiary designation
- Authorize another person to exercise the authority granted under this power of attorney

**SPECIAL INSTRUCTIONS APPLICABLE TO GIFTS:** I grant my agent the power to apply my property to make gifts outright to or for the benefit of a person, including by the exercise of a presently exercisable general power of appointment held by me, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

**THIS POWER OF ATTORNEY IS NOT AFFECTED BY MY SUBSEQUENT DISABILITY OR INCAPACITY.**

I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

This power of attorney continues until I revoke it or it is terminated by my death or other event described in Subtitle P, Title 2 of the Texas Estates Code.

I agree that any third party who receives a copy of this document may act under it. Termination of

Page 2 of 5



this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Texas law.

Dated _____ 3/13 _____, 18 , at Spring, Texas.

Aundra Higgins Crane
_____
Aundra Higgins Crane

STATE OF TEXAS,
COUNTY OF HARRIS, ss:

This document was acknowledged before me on _3/13/18_ (date) by Aundra Higgins Crane (name of principal).

_____
(signature of notarial officer)

> NANCY A BOWLBY
> Notary Public, State of Texas
> Comm. Expires 03-21-2021
> Notary ID 1098626

_____
(printed name)

My commission expires _____

Page 3 of 5



03/28/2025
873075339

# IMPORTANT INFORMATION FOR AGENT

**Agent's Duties**

When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes on you legal duties that continue until you resign or the power of attorney is terminated, suspended or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

(1) act in good faith;

(2) do nothing beyond the authority granted in this power of attorney;

(3) act loyally for the principal's benefit;

(4) avoid conflicts that would impair your ability to act in the principal's best interest; and

(5) disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner:

(Principal's Name) by (Your Signature) as Agent

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

(1) maintain records of each action taken or decision made on behalf of the principal;

(2) maintain all records until delivered to the principal, released by the principal, or discharged by a court; and

(3) if requested by the principal, provide an accounting to the principal that, unless otherwise directed by the principal or otherwise provided in the Special Instructions, must include:

(A) the property belonging to the principal that has come to your knowledge or into your possession;

(B) each action taken or decision made by you as agent;

(C) a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

(D) a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;

(E) the cash balance on hand and the name and location of the depository at which the

Page 4 of 5



03/28/2025
873075339

cash balance is kept;

(F) each known liability;

(G) any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and

(H) all documentation regarding the principal's property.

**Termination of Agent's Authority**

You must stop acting on behalf of the principal if you learn of any event that terminates or suspends this power of attorney or your authority under this power of attorney. An event that terminates this power of attorney or your authority to act under this power of attorney includes:

(1) the principal's death;

(2) the principal's revocation of this power of attorney or your authority;

(3) the occurrence of a termination event stated in this power of attorney;

(4) if you are married to the principal, the dissolution of your marriage by a court decree of divorce or annulment or declaration that your marriage is void, unless otherwise provided in this power of attorney;

(5) the appointment and qualification of a permanent guardian of the principal's estate unless a court orders otherwise; or

(6) if ordered by a court, your removal as agent (attorney in fact) under this power of attorney. An event that suspends this power of attorney or your authority to act under this power of attorney is the appointment and qualification of a temporary guardian unless a court order provides otherwise.

**Liability of Agent**

The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code). If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for damages caused by the violation or subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

Page 5 of 5

03/28/2025
873075339



**EXHIBIT XXVIII**



03/28/2025
873075339

 **Texas Department of Family and Protective Services**

**Commissioner**
*H. L. Whitman, Jr.*

January 11, 2019

Aundra H. Crane
5822 Knollwood Trail Drive
Spring, Texas 77373

RE: Request for Records: Aundra H. Crane - STARRS Ref# 112720185VB

Dear Ms. Crane,

Thank you for your recent request for confidential case records from the Texas Department of Family & Protective Services. After reviewing your request and the information you provided, I am unable to move forward with it because the case you are seeking does not exist.

If you are certain that there was a case, it may be that it has already met its retention period. By law, DFPS only maintains records for a specific amount of time. Those time frames are listed in our approved Records Retention Schedule, located on the internet at http://www.dfps.state.tx.us/application/rmg/default.aspx

If you believe we made a mistake or have other questions, please contact us in one of the following ways:

Mail: Department of Family and Protective Services
Attention: RMG (Y-937)
P.O. Box 149030
Austin, Texas 78714-9030
Email: Records.Management@dfps.state.tx.us
Telephone: (512) 929-6764 or toll free (877) 764-7230

Thank you,

*Sylvia G. Guzman*

Sylvia G. Guzman | DFPS Records Management Group | Entitlement and Redaction Specialist

701 W. 51ˢᵀ STREET ◆ P. O. BOX 149030 ◆ AUSTIN, TEXAS 78714-9030 ◆ (512) 438-4800
*An Equal Opportunity Employer and Provider*

Page 619



03/28/2025
873075339

EXHIBIT XXIX

03/28/2025
873075339

### Affirmation of Truth

On Wednesday, January 9, 2019, I, **Aundra Higgins Crane** from 11:40AM to 1:10PM visited the **Texas Department of Family and Protective Services** at 701 West 51st Street in Austin, Texas to obtain my guardianship and adoption records for which I, as a natural person, presented a tangible need for said records as I had been a ward of the state due to the early childhood victimization for which my mother, **Josephine Owens Granville**, among others, was found guilty after trial.

After 15 minutes on and off hold of the courtesy phone in the lobby of said department, I spoke briefly with two agents, one of whom, nameless, directed me to call a number for closed-records that turned out to be non-working, and a **Laila Humphrey** in Investigations at 512-438-3102. By 11:55AM, upon speaking with administrative assistant **Sandra A. Orta**, who after saying "Your records are at another office, here, in Austin", added, before placing me on hold to "Let me call that office and see if I have the okay to give you their address". Incidentally, it was later learned from **Marge Aparicio** that said office is the Records and Management Department, under Manager **David Ortiz**.

By 12:10PM **Sandra A. Orta** came out of her office to the front lobby to speak with me for about five minutes before returning to her office. By 12:17PM administrative assistant **Marge Aparicio** came to the front lobby to speak with me for about ten minutes before a **Marcie** at the lobby security desk let **Ms. Aparicio** know that her colleague **Ms. Orta** had requested her to call. After two minutes on the courtesy phone with **Ms Orta**, **Ms. Aparicio** stated, among other things, that "Nothing pulls up," before returning to her office at about 12:34PM.

Oddly, at 12:41PM and 12:42PM calls from 713-394-4000 came to a witness to these events present with me at 281-209-1539, for which the second call was answered from a **James Pearce** to whom, among others, I spoke the day before while at said department located at 2525 Murworth Drive, Houston, Texas, wherein said witness was also present.

Finally, at 1:05PM **Ms. Aparicio**, at 512-438-2562, returned from her office to the lobby to say on behalf of the **Texas Department of Family and Protective Services**, "I saw something but it wasn't even about you" to which, both, I and said



witness, **Dr. Muqallibu Deen El, D.M.**, asked her in unison, "What?!?" to which she responded, "Yeah, but I can't tell you what it was... It was for a child born August 24, 1969." Incidentally, my date of birth is August 25, 1969.

STATE OF _____Texas_____
COUNTY OF _____Harris_____

     Personally appeared before me, the undersigned authority at law in and for the aforesaid jurisdiction, the within-named **Aundra Higgins Crane-El** *(Affirmant)*, who, after duly confirming to me the testimony to be binding upon her conscience, stated that the matters and facts set forth in the above and foregoing Affirmation are true and correct as therein stated.

                               *Aundra Higgins Crane El*
                                **(Name of Affirmant)**

     VERIFIED to and subscribed before me, this the __23rd__ day of __Jan__, 20 __19__.

                         Notary Public

My Commission Expires:
__Feb 28, 2019__

DENISE RENEE OZUNA
Notary Public,
STATE OF TEXAS
My Comm. Exp. Feb. 28, 2019

03/28/2025
873075339
USA

**EXHIBIT XXX**



### Affirmation of Truth

On Wednesday, January 9, 2019, I, **Aundra Higgins Crane-El** waited from 2:30PM to 5:00PM before being called to the service desk from 5:00PM to 5:20PM at the **Texas Department of State Health Services** at 1100 West 49th Street in Austin, Texas to obtain a death certificate for husband, Walter Stanley Crane, Jr., and for which I, as a natural person, presented a tangible need amidst what was 'Star of David'-akin bias from a treaty-violating state's public officials.

After an encounter with a nameless desk clerk manning, say, window four, with an approximately four-inch butterfly tattoo across her upper thoracic cavity as distinguishing mark, I asked for said clerk's supervisor, (i.e., Manager 1, **Mandy Alexander**, at 512-776-2728) who served me from window two, not without interruptions from said nameless, who had while at window four admitted that "We have word from the Commissioner [**John Hellerstedt, M.D.**] that we are not to give you a certificate. There is a note in the computer."

Ms. Alexander, after being shown documentation from **Brazoria County Family Court Judge Bradshaw** which settled that I was Aundra Higgins Crane and not Jane Doe, as listed while in a nursing home, stated that "You could be somebody just trying to get a death certificate in order to get a person's money".

To the contrary, I showed her documentation from the **Social Security Administration** awarding me benefits as surviving spouse, and documentation from the **Internal Revenue Service** seeking to file against me for tax evasion, to which she replied that the aforesaid documentation was insufficient, insofar as those agencies were "federal, not state", while said nameless, interjected from window four that "All she's trying to do is get that money is all that is". Par for the course, **Ms. Alexander** had already, not once, but twice stated "I know a case where someone changed their name to Santa Claus" as if.

Finally, when asked what law she was relying said, only, "...statute!" and that she would return with a copy of it, although in the end was found wanting. In conclusion, she said that if your name is in the will as you say, "You can bring a copy of it and we could issue you a certificate then".

STATE OF ___Texas___



03/28/2025
873075339

COUNTY OF ___Harris___

     Personally appeared before me, the undersigned authority at law in and for the aforesaid jurisdiction, the within-named **Aundra Higgins Crane-El** *(Affirmant)*, who, after duly confirming to me the testimony to be binding upon her conscience, stated that the matters and facts set forth in the above and foregoing Affirmation are true and correct as therein stated.

*(Name of Affirmant)*

     VERIFIED to and subscribed before me, this the __23ʳᵈ__ day of ___Jan___, 20 _19_.

Notary Public

My Commission Expires:
__Feb 23, 2019__

DENISE RENEE OZUNA
Notary Public,
STATE OF TEXAS
My Comm. Exp. Feb. 28, 2019

03/28/2025
873075339



## Affidavit of Truth

On Thursday, January 3, 2019, I, **Frederick-George: Dean**, from 4:00PM to 4:20PM went to the Joyce Hudman Brazoria County Clerks Office at 111 East Locust Street in Angleton, Texas to obtain a certified copy of a Uniform Commercial Code filing numbered 1993000922 between the listed Grantor, Walter Stanley Crane, Jr. and the listed Grantee First National Bank of Lake Jackson and a recording date of September 7, 1993.

I made my wish known to desk clerk, Regina Edling, who upon computer search result "Image Unavailable" did confirm the aforementioned facts of said filing before walking to inquire of indexer, Bonnie Farrer, who after a short while at her desk Ms. Farrer stated in passing with Regina Edling, "Sir, we're going to see if we can find it in the book, okay?"

Upon the pair leaving 'the books' empty-handed and, lastly, the office of supervisor, Wendy Gonzales, Regina Edling did thereafter without Bonnie Farrer return to her desk to convey to me on behalf of the Joyce Hudman Brazoria County Clerks Office that 1) We did not find it, 2) We are not required to keep it, and 3) You may check with Austin[, Texas].

STATE OF _Texas_

COUNTY OF _Harris_

Personally appeared before me, the undersigned authority at law in and for the aforesaid jurisdiction, the within-named **Frederick-George: Dean** *(Affiant)*, who, after being by me first duly sworn, stated on oath that the matters and facts set forth in the above and foregoing Petition are true and correct as therein stated.

_Frederick-George: Dean_
**(Name of Affiant)**

SWORN to and subscribed before me, this the _10th_ day of _January_, 20_19_.

_Britni Rue_
Notary Public

My Commission Expires:

_10-30-2022_

BRITTNI RUE
Notary Public, State of Texas
Comm. Expires 10-30-2022
Notary ID 13177671-9



03/28/2025
873075339

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI, ET AL.** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN JR., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

This case stems from Defendants' violation of Plaintiffs' First Amendment speech rights.[1]
We held previously that Plaintiffs' claims were likely meritorious and issued a preliminary
injunction in their favor. *Missouri v. Biden*, 680 F. Supp. 3d 630 (W.D. La.). The Fifth Circuit
mostly agreed. *Missouri v. Biden,* 80 F.4th 641 (5th Cir. 2023), *opinion withdrawn and superseded
on reh'g,* 83 F.4th 350 (5th Cir. 2023). But the Supreme Court did not. *Murthy v. Missouri*, 144
S. Ct. 1972 (2024). Rather than reach the merits, the Supreme Court held that Plaintiffs here failed
to show standing sufficient for a preliminary injunction. *See id.* Accordingly, our judgment was
vacated, and the case was remanded back to our jurisdiction "for further proceedings consistent
with the Supreme Court's opinion." *Missouri v. Biden,* 114 F.4th 406 (5th Cir. 2024). Charged
with this mandate, we now "consistent[ly]" "proceed[]"—burdened by what has been. *See id.* So,
we asked the parties "whether further jurisdictional discovery limited to the issue of standing could
aid this court's evaluation of its continuing jurisdiction over this case, or alternatively, whether
dismissal is appropriate."[2] Unsurprisingly, Plaintiffs responded in favor of discovery or
amendment,[3] whereas Defendants responded in favor of dismissal.[4] Now we rule.

---

[1] *See* R. Doc. 268.
[2] R. Doc. 389.
[3] R. Doc. 391; R. Doc. 399.
[4] R. Doc. 394; 402.



## I.    DISMISSAL GENERALLY

We currently find ourselves in jurisdictional purgatory—caught between differing standards.  One must make a greater showing of standing to obtain a preliminary injunction, as opposed to the minimal showing necessary to merely maintain suit.  *See e.g., Obama v. Klayman,* 800 F.3d 559, 564 (D.C. Cir. 2015) ("Having barely fulfilled the requirements for standing at this threshold stage, Plaintiffs fall short of meeting the higher burden of proof required for a preliminary injunction."); *accord Barber v. Bryant,* 860 F.3d 345, 352 (5th Cir. 2017) (citing *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) ("Because a preliminary injunction 'may only be awarded upon a clear showing that the plaintiff[s] [are] entitled to such relief,' the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction.").

The Supreme Court was plainly applying this heightened standard when it reversed. *See Murthy,* 144 S. Ct. at 1985 ("*At this stage*, neither the individual nor the state plaintiffs have established standing *to seek an injunction* against any defendant.") (emphasis added); *see also id.* at 1990 ("[M]ost of the lines she draws are tenuous, particularly given her burden of proof at the preliminary injunction stage—recall that she must show that her restrictions are *likely* traceable to the White House and the CDC.") (emphasis kept).  This means that the Supreme Court's holding— that Plaintiffs' showing of standing was insufficient to maintain a preliminary injunction—is not necessarily fatal to Plaintiffs' suit generally. *See Klayman,* 800 F.3d at 568–69; *cf. H & W Indus., Inc. v. Formosa Plastics Corp., USA,* 860 F.2d 172, 177 (5th Cir. 1988) (cleaned up) ("[I]t is a risky approach to assume that the often incomplete evidence adduced at a preliminary injunction hearing is sufficient to determine whether a claimant is entitled to judgment as a matter of law.").  And while the Supreme Court's ruling inarguably undermines our certainty of subject-matter

2



jurisdiction, it nowhere forces our conclusion that we lack such jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). So, what is a district court to do when jurisdiction is neither certainly existent nor certainly non-existent?

## II.    JURISDICTIONAL DISCOVERY

Where a higher court has vacated a preliminary injunction due to lackluster standing, "On remand it is for the district court to determine whether limited discovery to explore jurisdictional facts is appropriate." *Klayman*, 800 F.3d at 564, 568 ("It remains possible that on remand plaintiffs will be able to collect evidence that would establish standing . . . Given the possibility that plaintiffs' efforts along these lines may be fruitful, I join Judge Brown in remanding to the district court for it to decide whether limited discovery to explore jurisdictional facts is appropriate"); *see also Mid City Tower, LLC v. Certain Underwriter's at Lloyd's London*, No. CV 21-440-SDD-EWD, 2023 WL 7064162 at *3 (M.D. La. Oct. 26, 2023) (cleaned up) ("District courts may permit jurisdictional discovery to determine whether the court has subject matter jurisdiction."); *and Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013).

With that said, "The party opposing dismissal and requesting discovery bears the burden of demonstrating the necessity of [jurisdictional] discovery." *Mid City Tower*, 2023 WL 7064162 at *3 (citing *Davila*, 713 F.3d at 264). Parties are "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id.* And such jurisdictional discovery is improper "… when the proponent of such discovery only supports the request by conjecture, speculation, or suggestion." *See id.* (citation omitted). Because we find that Plaintiffs have demonstrated the necessity of jurisdictional discovery, and because their proposed discovery does not appear to be a jurisdictional fishing

3



expedition—Plaintiffs shall have the opportunity to conduct such discovery. *See Schuchardt v. President of the United States*, 839 F.3d 336, 353 (3d Cir. 2016) (citation omitted) ("Jurisdictional discovery is not a license for the parties to engage in a 'fishing expedition[.]'").

In support of jurisdictional discovery and in opposition to dismissal, Plaintiffs offered a variety of evidence—serving to show that jurisdictional discovery would not be impermissibly speculative, nor impermissibly unlikely to produce curative jurisdictional facts. *See Mid City Tower*, 2023 WL 7064162 at *3. Plaintiffs first cite evidence of which we can take judicial notice—certain fruits of a congressional investigation.[5] Namely, internal Meta documents and a letter from Meta's CEO, Mark Zuckerberg.[6] One particular example of internal Meta communications is especially supportive of standing: two Meta employees internal discussion that Meta censored the lab leak theory of Covid's origins "because [they] were under pressure from the [Biden] administration" to do so.[7] Again, while still too amorphous to be wholly dispositive in favor of traceability post-*Murthy*, this evidence constitutes sufficient smoke to justify allowing Plaintiffs an opportunity to go find the fire. Similarly, we agree with Plaintiffs that the letter from Mark Zuckerberg to the House Judiciary Committee, while not sufficient to *per se* establish Plaintiffs' standing, "make[s] clear that the government was responsible for significant amounts of censorship" and certainly does not inspire dismissal of this case.[8]

Plaintiffs' second category of evidence consists of supplemental declarations of Plaintiffs.[9] It should be said that sworn affidavits are far more than most plaintiffs have at the pleadings stage, and while uniquely situated procedurally, we must remember that plaintiffs have (by their own

---

[5] R. Doc. 391 at 14–17.
[6] *See id.*
[7] *Id.* at 16 (quoting @Jim_Jordan, X (July 28, 2024, 12:03 PM), *available at* https://x.com/Jim_Jordan/status/1684957664265031681).
[8] *Id.* (citing @JudiciaryGOP, X (Aug. 26, 2024, 6:44 PM), *available at* https://x.com/JudiciaryGOP/status/1828201780544504064).
[9] R. Doc. 391-10; R. Doc. 391-11; R. Doc. 399-1; R. Doc. 399-2; R. Doc. 399-3.

4

making) just now left the emergency relief phase of their suit. Here, we needn't pick these declarations apart microscopically, as they simply serve to show—albeit some better than others—that further discovery is likely to produce jurisdictional facts in Plaintiffs' favor.[10] Again, we agree with Defendants that the declarations do not conclusively dispose of the jurisdictional question in favor of Plaintiffs, but they do not evince a lack of subject-matter jurisdiction either. In a case where the government is "uniquely in control of the facts, information, documents, and evidence regarding the extent and nature of their mass [censorship efforts]" serious jurisdictional discovery is likely the only vehicle by which Plaintiffs could attempt to prove standing. *See Klayman*, 800 F.3d at 568. And if all of that weren't enough, the emails Plaintiffs attached—showing the pains that certain persons and entities went through to hide their tracks—make clear that if "a particular defendant pressured a particular platform to censor a particular topic before that platform suppressed a particular plaintiff's speech on that topic" evidence of such coordination would not be easy to find.[11] *See Murthy*, 144 S. Ct. at 1988. Again, every judge that has examined the merits of this case has found a First Amendment violation. *See Ante* at 1. This reality, taken alongside the unique hurdles Plaintiffs face in acquiring facts supportive of particularized standing, clearly warrants further discovery. Defendants express concern, and we share it, that this exercise should not morph into merits discovery.[12] We, therefore, "circumscribe the scope of discovery … to only the factual questions necessary to determine [our] jurisdiction," *Schuchardt*, 839 F.3d at 354. Nevertheless, we understand that an inquiry into causation (to establish standing under the Supreme Court's strictures) may necessarily intrude into the merits. The Court trusts that Plaintiffs can toe this line carefully and that Defendants will alert us if not.

---

[10] *See generally id.*
[11] R. Docs. 391-1, -2, -3, -4, -5, -6, -7, -8, -9.
[12] R. Doc. 394 at 39–41.



03/28/2025
873075339

### III.   FUTURE MOTIONS TO AMEND OR DISMISS

We deny amendment currently for a few reasons.  First, it has not been properly moved for.  *See* L.R. 7.5.  Second, the addition of certain members of the "Disinformation Dozen" risks starting this case all over—and imprudently "getting out ahead" of the Fifth Circuit's mandate in *Kennedy v. Biden*—by playing Red Rover with coextensive Plaintiffs.[13]  But third and most importantly, upon a potential Rule 12 motion by Defendants, an opportunity for amendment would be our likely remedy to cure defects in Plaintiffs' case.  *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383 (5th Cir. 2024).  Once jurisdictional discovery—another favored alternative to dismissal—concludes, Defendants may file a 12(b) motion, or Plaintiffs may file a motion to amend, so that we may revisit the sufficiency of Plaintiffs' case.  But for now, we seek not to get into a chicken-and-egg situation procedurally.

We end with the unignorable reality that regime change is imminent.  *See* David Frum, *Trump Won. Now What?*, THE ATLANTIC (Nov. 6, 2024), https://www.theatlantic.com/politics/archive/2024/11/trump-wins-second-term-presidency/680546/.  Especially relevant and equally wild, one of the *Kennedy* Plaintiffs may soon replace or control Defendants.  *See* Will McDuffie, *RFK Jr. says Trump has 'promised' him 'control of the public health agencies'*, ABC NEWS (OCT. 31, 2024), https://abcnews.go.com/Politics/rfk-jr-trump-promised-control-public-health-agencies/story?id=115303649.  However, to take dispositive action in this case based on regime change alone would be quintessentially speculative . . . speculation which is trebly prohibited by our standing requirements, our injunction requirements, and our discovery requirements.  *Lujan v.*

---

[13] The panel has issued its opinion, but the period for rehearing or certiorari has not yet lapsed.  *Kennedy v. Biden*, No. 24-30252, 2024 WL 4664015 (5th Cir. Nov. 4, 2024).  Additionally, the panel's opinion does not contravene this result—rather—it places the *Kennedy* Plaintiffs in the exact spot that the *Missouri* Plaintiffs find themselves in currently.  *See id.*



*Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (standing); *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579 (5th Cir. 2013) (injunctive relief); *NL Industries, Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006) (jurisdictional discovery). So we will not.

## IV.     DISCOVERY SCHEDULE

No specific discovery schedule will be set at this time, but all jurisdictional discovery must be approved by the Court.  Plaintiffs shall file proposed discovery to be taken and a proposed schedule within fourteen (14) days of the docketing of this order.  Defendants shall have fourteen (14) days to respond and Plaintiffs seven (7) days to reply.

## V.     CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiffs be permitted to prosecute limited jurisdictional discovery in order to cure weaknesses in their standing outlined by *Murthy*.

**IT IS FURTHER ORDERED** that Plaintiffs' request to amend their complaint is **DENIED** at this time.

**MONROE, LOUISIANA** this 8th day of November 2024.



Terry A. Doughty
United States District Judge

7



## My properties

| | |
|---|---|
| From | **Aundra Owens Crane El** <aundracrane8@gmail.com> |
| To | **eldino** <eldino@hushmail.com>, **Aundra Owens Crane El** <aundracrane8@gmail.com> |
| Sent | Wednesday, March 26, 2025 at 10:00 PM |
| Encrypted | No |
| Signed | No |

https://www.facebook.com/share/v/1Z4w2j6JGC/?mibextid=D5vuiz





facebook

× Reels

Mar 27  4:11 AM

Forgot Account?

Log In

Email or phone

Password

Architecture
Fan
🌐 Public

**MILANO**

Alyssa Milano Announces She Will
Sell All Her Properties In Red
States And Plans To Leave The
U.s. After A Heated Conflict With
Elon Musk
Details in comment 👈

Audio · Architecture Fan · Ori

2.6K

431

353

https://www.facebook.com/reel/l9971683745007728

150%

03/28/2025
873075339

They are trying to blame my electric company for starti...          https://secure.hushmail.com/mail/eldino@hushmail.com...

# They are trying to blame my electric company for starting the fires.

| | |
|---|---|
| From | **Aundra Owens Crane El** <aundracrane8@gmail.com> |
| To | **eldino** <eldino@hushmail.com>, **Aundra Owens Crane El** <aundracrane8@gmail.com>, **c.w.millington** <c.w.millington@gmail.com> |
| Sent | Sunday, January 26, 2025 at 7:47 AM |
| Encrypted | No |
| Signed | No |

https://youtu.be/E-baLUbs6Go



03/28/2025
873075339
2/12/25, 2:00 PM

They are pouring fire on top of my properties and cance...        https://secure.hushmail.com/mail/eldino@hushmail.com...

# They are pouring fire on top of my properties and canceled my insurance policies

| | |
|---|---|
| From | **Aundra Owens Crane El** <aundracrane8@gmail.com> |
| To | **eldino** <eldino@hushmail.com> |
| Sent | Wednesday, January 15, 2025 at 9:56 AM |
| Forwarded | Yes |
| Encrypted | No |
| Signed | No |

https://www.facebook.com/share/r/15eCtHzhLm/?mibextid=D5vuiz

03/28/2025
873075339



2/12/25, 2:13 PM



CITATION #: **00300432**

## Brazoria County Sheriff's Office

You are hereby notified to appear before Judge:

**Richard Davis**  On or before:  **04/07/2025**  at  **10:00**
111 E. Locust St., Room 110
Angleton, Texas 77515  Precinct: **PRECINCT 2 PLACE 2**
979-864-1402
http://brazoriacountytx.gov/departments/justice-of-the-peace

### VIOLATOR'S INFORMATION

CRANE, AUNDRA HIGGINS  Home Phone:
10201 FLATLANDS AVENUE #360555
BROOKLYN  TX  11236
  Business Phone:
Business Address:

DL#: 12510828  ST: TX  EXP: TX  C.D.L.: N
DOB: 08/25/1969  SEX: F  RACE/ETH: B  HGT: 507  WGT: 185
Search:
Contraband:
Unable to Verify Insurance:  NO

### VEHICLE DESCRIPTION

Plate: JMF8186  State: TX
VIN: 1B3LC46BX9N518414  Comm Veh: N
Make: DODG  Hazmat: N
Model: AVENGER
Color All/Top: Gray  Passengers:  0
Color Bottom:  Year: 2009
Trailer Plate:  State:
Trailer VIN:  Style:
CMV Vehicle Interstate:
CMV Owner/Lessee:

### VIOLATIONS

Posted Speed:  Actual Speed:
Const.Zone: N  Workers Present:  N
Accident: N  Weather: CLEAR
Route:  Light: DAYLIGHT
Key Map:  Surface: DRY
Location:  1205 E CEDAR ST, ANGLETON

TICKET TYPE:  TRAFFIC

Violation #1  3666
OPERATE MOTOR VEHICLE W/ FICTICIOUS (WRONG)
Violation #2  3656
OPERATION OF VEHICLE WITH EXPIRED LICENSE PLATE
Violation #3  3049
FAILED TO MAINTAIN FINANCIAL RESPONSIBILITY/NO
Violation #4

### OFFICER NOTES

Agency:  **Brazoria County Sheriff's Office**
Officer:  **JIMENEZ, JESSENIA**  ID#:**SO2222**
Witness Officer:  ID#:
Offense Date/Time:  **03/05/2025**  **10:31 AM**

### VIOLATOR'S SIGNATURE

SIGNATURE

---

### IMPORTANT MESSAGE

Annually, traffic law violations are recorded as a factor in about 85% of the rural traffic accidents in Texas. Approximately 60% of the traffic deaths in Texas occur on rural highways. The enforcement actions taken against you and any subsequent court actions are intended to secure compliance with the traffic laws by you and all other users of highways.

If you fail to appear in court as provided by law for the prosecution of the offense or if you fail to pay or satisfy a judgement ordering payment of a fine and costs in the manner ordered by the court, you may be denied renewal of your driver's license.

You may be able to require that this charge be dismissed by taking a driving safety course. However, you will lose that right if you do not provide written notice to the court on or before your appearance date of your desire to do so.

A second or subsequent conviction of an offense under the Texas Motor Vehicle Safety Responsibility Act will result in the suspension of your driver's license and motor vehicle registration unless you file and maintain proof of financial responsibility with the Department of Public Safety for two (2) years from the date of conviction. The Department may waive the requirements to file evidence of financial responsibility if you file satisfactory evidence with the Department showing that at the time this citation was issued, the vehicle was covered by a motor vehicle liability insurance policy or that you were otherwise exempt from the requirements to provide evidence of financial responsibility.

"If you are convicted of a misdemeanor offense involving violence where you are or were a spouse, intimate partner, parent, or guardian of the victim or are or were involved in another, similar relationship with the victim, it may be unlawful for you to possess or purchase a firearm, including a handgun or long gun or ammunition, pursuant to federal law under 18 U.S.C. Section 922(g)(9) or Section 46.04(8), Texas Penal Code. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney."

**Brazoria County Sheriff Bo Stallman**

Officer Notes:  Citation #:00300432



03/28/2025
873075339



Wound exhibits of AOCEI_15pp - Muqallibu Deen El (eldino@hushmail.com) - Hushmail                                    3/28/25, 1:36 PM

# Wound exhibits of AOCEI_15pp

| | |
|---|---|
| From | **Muqallibu Deen El** <eldino@hushmail.com> |
| To | **birdie.kelley** <birdie.kelley@senate.texas.gov> |
| Sent | Friday, March 28, 2025 at 1:33 PM |
| Encrypted | Yes |
| Signed | Yes, by eldino@hushmail.com |
| Attachments | IMG_0469.HEIC, IMG_0470.HEIC, IMG_0471.HEIC, IMG_0472.HEIC, IMG_0473.HEIC, IMG_0474.HEIC, IMG_0475.HEIC, IMG_0476.HEIC, IMG_0477.HEIC, IMG_0478.HEIC, IMG_0479.HEIC, IMG_0480.HEIC, IMG_0481.HEIC, IMG_0482.HEIC, IMG_0483.HEIC |

03/28/2025
873075339



03/28/2025
873075339





03/28/2025
873075339





















03/28/2025
87307533.39















03/28/2025
873075339



















03/28/2025
873075339





03/28/2025
873075339

CAUSE NO. 256541901010

| | |
|---|---|
| THE STATE OF TEXAS | § IN THE COUNTY CRIMINAL |
| | § |
| V. | § COURT AT LAW NO. 5 |
| | § |
| DEEN EL, MUQALLIBU | § HARRIS COUNTY, TEXAS |

# You Know Something is Wrong When......
# An American Affidavit of Probable Cause

Written by Anna Maria Riezinger and James Clinton Belcher

Illustrated by Paul Alan Snover

Copyrighted by The American Affidavit Pure Trust 2014
All Rights Reserved

Individuals and non-profit organizations are permitted to reprint written text material for credited inclusion in other publications distributed for educational and non-profit purposes.

Affidavit of Truth

I am that I am and I do affirm that Anna Maria Riezinger was appointed by my Trustee Joseph Aloisius Ratzinger as Esquire in Common law to set up the Employer Identifications for my businesses within my non profit Self Supporting Ministries from Brazil and Internationally.

Aundra Owens Crane EP
Mrs Walter Crane EP



06/25/2025
876707509

# Appendix- B

## Dunn and Bradstreet Numbers of the US Corporate Government and Most of Its Major Agencies

United States Government-052714196
US Department of Defense (DOD)-030421397
US Department of the Treasury-026661067
US Department of Justice (DOJ)-011669674
US Department of State-026276622
US Department of Health & Human Services (HHS)-Office of the Secretary-112463521
US Department of Education-944419592
US Department of Energy-932010320
US Department of Homeland Security-932394187
US Department of the Interior-020949010
US Department of Labor-029536183
US Department of Housing & Urban Development (HUD)-Office of the Secretary-030945779
US Department of Veterans Affairs (VA)-931691211
US Transportation Security Administration (TSA)-050297655
US Federal Aviation Administration (FAA)-056622429
Bureau of Customs & Border Protection (CBP)-796730922
Federal Bureau of Immigration & Customs Enforcement (ICE)-130221646
US Environmental Protection Agency (EPA)-057944910
National Aeronautics & Space Administration (NASA)-003259074
National Oceanic & Atmospheric Administration (NOAA)-079933920
US Nuclear Regulatory Commission (NRC)-364281923
Federal Emergency Management Agency (FEMA)-037751583
Federal Communications Commission (FCC)-020309969
US Securities & Exchange Commission (SEC)-003475175
US Public Health Service (USPHS)-039294216
National Institutes of Health (NIH)-061232000
US Centers for Disease Control & Prevention (CDC)-927645465
US Food & Drug Administration (FDA)-138182175
US Internal Revenue Service (IRS)-040539587
Federal Reserve Board of Governors (Fed)-001959410
Federal Bureau of Investigation (FBI)-878865674
National Security Agency (NSA)-617395215
US Drug Enforcement Administration (DEA)-167247027
Federal Bureau of Alcohol, Firearms & Tobacco (BAFT)-132282310
Federal Bureau of Land Management (BLM)-926038563
Federal Bureau of Indian Affairs (BIA)-926038407

267



# DUNS Numbers of Each US Corporate State and Its Largest City

State of Alabama-004027553
State of Alaska-078198983
State of Arizona-068300170
State of Arkansas-619312569
State of California-071549000
State of Colorado-076438621
State of Connecticut-016167285
State of Delaware-037802962
District of Columbia-949056860
State of Florida-004078374
State of Georgia-069230183
State of Hawaii-077676997
State of Idaho-071875734
State of Illinois-065232498
State of Indiana-071789435
State of Iowa-828089701
State of Kansas-827975009
State of Kentucky-828008883
State of Louisiana-0612389911
State of Maine-061207536
State of Maryland-847612442
State of Massachussetts-138090548
State of Michigan-054698428
State of Minnesota-050375465
State of Mississippi-008210692
State of Missouri-616963596
State of Montana-945782027
State of Nebraska-041472307
State of Nevada-123259447
State of New Hampshire-066760232
State of New Jersey-067373258
State of New Mexico-007111818
State of New York-041002973
State of North Carolina-830979667
State of North Dakota-098564300
State of Ohio-034309166
State of Oklahoma-050411726
State of Oregon-932534998
State of Pennsylvania-933882784
State of Rhode Island-008421763
State of South Carolina-067006072
State of Tennessee-04143882

City of Birmingham-074239450
City of Fairbanks-079261830
City of Phoenix-030002236
City of Little Rock-065303794
City of Los Angeles-159166271
City of Denver-066985480
City of Bridgeport-156280596
City of Wilmington-067393900
City of Washington-073010550
City of Miami-965299576
City of Atlanta-065372500
City of Honolulu-828979612
City of Boise-070017017
City of Chicago-556057206
City of Indianapolis-964647155
City of Davenport-963855494
City of Wichita-069862755
City of Louisville-943445093
City of New Orleans-033692404
City of Portland, Maine-071747802
City of Baltimore-052340973
City of Boston-007277284
City of Detroit-021733631
City of Minneapolis-009901959
City of Jackson-020864955
City of Kansas (City)-832496868
City of Billings-068925759
City of Omaha-926604690
City of Las Vegas-019342317
City of Manchester-045009073
City of Newark-019092531
City of Albuquerque-129962346
City of New York-021741036
City of Charlotte-809275006
City of Bismarck-080245640
City of Columbus-010611869
City of Oklahoma (City)-073131542
City of Portland (Oregon)-054971197
City of Philadelphia-929068737
City of Providence-069853752
City of Columbia-878281562
City of Memphis-051386258

268



State of Texas-002537595                City of Houston-967421590
State of Utah-009094301                 City of Salt Lake City-017096780
State of Vermont-066760240                  City of Burlington-037442977
State of Virginia-047850373                 City of Virginia Beach-074736299
State of Washington-079248936               City of Seattle-009483561
State of West Virginia-828092515        City of Charleston -197931681
State of Wisconsin-001778349                City of Milwaukee-004779133
State of Wyoming-832826015                  City of Cheyenne-021917273

## DUNS Numbers for the United Nations Corporation and Some Agencies

United Nations (UN)-824777304
UN Development Program (UNDP)-793511262
UN Educational, Scientific, & Cultural Organization (UNESCO)-053317819
UN World Food Program (UNWFP)-054023952
UN International Children's Education Fund (UNICEF)-017698452
UN World Health Organization (WHO)-618736326ro



NORTHERN TRUST CORPORATION/IRS/BAR


http://www.irs.gov/pub/irs-pdf/f1066.pdf U.S. Real Estate Mortgage
Investment Conduit (REMIC) Income Tax Return

The SEC info basically tells you that the IRS and the American Bar
Association are the same organization under the Northern Trust
Corporation. That paperwork was accompanied with the claim that they did
not owe any taxes, the document was admitted as evidence, and the law
firm declared bankruptcy and left the state.

The banks are owned by the Northern Trust Corporation including wells
fargo that is owned by the Bar Association.
Dunn and Bradstreet is also owned by the Bar Association
Every time a Judge makes a judgement, being a Bar Member, you know the rest.
Everything always go through the Rail Road, over the ocean and then to
the Crown, then to the vatican.

Northern Trust Corporation
Holds the IRS Company

File Number: 0774471 Incorporation Date / Formation Date: 08/23/1971
(mm/dd/yyyy)

Entity Name: NORTHERN TRUST CORPORATION

Entity Kind: CORPORATION

Entity Type: GENERAL Residency:

DOMESTIC State: DE


REGISTERED AGENT INFORMATION Name: THE CORPORATION TRUST COMPANY


Address: CORPORATION TRUST CENTER 1209 ORANGE STREET

City: WILMINGTON
County: NEW CASTLE

State: DE Postal Code: 19801
and all of the banks listed in the same document.


the first name of the IRS:1933- INTERNAL REVENUE TAX AND AUDIT SERVICE,
INC 7/12/1933
File Number #0325720


Then this is the right line up...Central Trust Company of New York owns
The Corporation Trust Co which is the registered Agent for Northern
Trust Corp

Northern Trust Corp is the holder of >



06/25/2025
876707509

duns number

United States Government-052714196
US Department of Defense (DOD)-030421397
US Department of the Treasury-026661067
US Department of Justice (DOJ)-011669674
US Department of State-026276622
US Department of Health & Human Services (HHS)-Office of the
Secretary-112463521
US Department of Education-944419592
US Department of Energy-932010320
US Department of Homeland Security-932394187
US Department of the Interior-020949010
US Department of Labor-029536183
US Department of Housing & Urban Development (HUD)-Office of the
Secretary-030945779
US Department of Veterans Affairs (VA)-931691211
US Transportation Security Administration (TSA)-050297655
US Federal Aviation Administration (FAA)-056622429
Bureau of Customs & Border Protection (CBP)-796730922
Federal Bureau of Immigration & Customs Enforcement (ICE)-130221646
US Environmental Protection Agency (EPA)-057944910
National Aeronautics & Space Administration (NASA)-003259074
National Oceanic & Atmospheric Administration (NOAA)-079933920
US Nuclear Regulatory Commission (NRC)-364281923
Federal Emergency Management Agency (FEMA)-037751583
Federal Communications Commission (FCC)-020309969
US Securities & Exchange Commission (SEC)-003475175
US Public Health Service (USPHS)-039294216
National Institutes of Health (NIH)-061232000
US Centers for Disease Control & Prevention (CDC)-927645465
US Food & Drug Administration (FDA)-138182175
US Internal Revenue Service (IRS)-040539587
Federal Reserve Board of Governors (Fed)-001959410
Federal Bureau of Investigation (FBI)-878865674
National Security Agency (NSA)-617395215
US Drug Enforcement Administration (DEA)-167247027
Federal Bureau of Alcohol, Firearms & Tobacco (BAFT)-132282310
Federal Bureau of Land Management (BLM)-926038563
Federal Bureau of Indian Affairs (BIA)-926038407
DUNS Numbers of Each US Corporate State and Its Largest City
State of Alabama-004027553 City of Birmingham-074239450
State of Alaska-078198983 City of Fairbanks-079261830
State of Arizona-068300170 City of Phoenix-030002236



06/25/2025
876707509

State of Arkansas-619312569 City of Little Rock-065303794
State of California-071549000 City of Los Angeles-159166271
State of Colorado-076438621 City of Denver-066985480
State of Connecticut-016167285 City of Bridgeport-156280596
State of Delaware-037802962 City of Wilmington-067393900
District of Columbia-949056860 City of Washington-073010550
State of Florida-004078374 City of Miami-965299576
State of Georgia-069230183 City of Atlanta-065372500
State of Hawaii-077676997 City of Honolulu-828979612
State of Idaho-071875734 City of Boise-070017017
State of Illinois-065232498 City of Chicago-556057206
State of Indiana-071789435 City of Indianapolis-964647155
State of Iowa-828089701 City of Davenport-963855494
State of Kansas-827975009 City of Wichita-069862755
State of Kentucky-828008883 City of Louisville-943445093
State of Louisiana-0612389911 City of New Orleans-033692404
State of Maine-061207536 City of Portland, Maine-071747802
State of Maryland-847612442 City of Baltimore-052340973
State of Massachussetts-138090548 City of Boston-007277284
State of Michigan-054698428 City of Detroit-021733631
State of Minnesota-050375465 City of Minneapolis-009901959
State of Mississippi-008210692 City of Jackson-020864955
State of Missouri-616963596 City of Kansas (City)-832496868
State of Montana-945782027 City of Billings-068925759
State of Nebraska-041472307 City of Omaha-926604690
State of Nevada-123259447 City of Las Vegas-019342317
State of New Hampshire-066760232 City of Manchester-045009073
State of New Jersey-067373258 City of Newark-019092531
State of New Mexico-007111818 City of Albuquerque-129962346
State of New York-041002973 City of New York-021741036
State of North Carolina-830979667 City of Charlotte-809275006
State of North Dakota-098564300 City of Bismarck-080245640
State of Ohio-034309166 City of Columbus-010611869
State of Oklahoma-050411726 City of Oklahoma (City)-073131542
State of Oregon-932534998 City of Portland (Oregon)-054971197
State of Pennsylvania-933882784 City of Philadelphia-929068737
State of Rhode Island-008421763 City of Providence-069853752
State of South Carolina-067006072 City of Columbia-878281562
State of Tennessee-04143882 City of Memphis-051386258
State of Texas-002537595 City of Houston-967421590
State of Utah-009094301 City of Salt Lake City-017096780
State of Vermont-066760240 City of Burlington-037442977
State of Virginia-047850373 City of Virginia Beach-074736299
State of Washington-079248936 City of Seattle-009483561



06/25/2025
876707509

State of West Virginia-828092515 City of Charleston (West
Virginia)-197931681
State of Wisconsin-001778349 City of Milwaukee-004779133
State of Wyoming-832826015 City of Cheyenne-021917273
DUNS Numbers of the United Nations Corporation and Some of Its Major
Corporate Agencies
United Nations (UN)-824777304
UN Development Program (UNDP)-793511262
UN Educational, Scientific, & Cultural Organization (UNESCO)-053317819
UN World Food Program (UNWFP)-054023952
UN International Children's Education Fund (UNICEF)-017698452
UN World Health Organization (WHO)-618736326

DUNNS #'s; ;)

United States Government 052714196
US Department of Defense (DOD) 030421397
US Department of the Treasury 026661067
US Department of Justice (DOJ) 011669674
US Department of State 026276622
US Department of Homeland Security 932394187
US Transportation Security Administration (TSA) 050297655
US Securities & Exchange Commission (SEC) 003475175
US Internal Revenue Service (IRS) 040539587
Federal Bureau of Investigation (FBI) 878865674
National Security Agency (NSA) 617395215
US Drug Enforcement Administration (DEA) 167247027
Federal Bureau of Alcohol, Firearms & Tobacco (BAFT) 132282310
Federal Bureau of Land Management (BLM) 926038563
Federal Bureau of Indian Affairs (BIA) 926038407
State of Iowa 828089701

United Nations (UN) 824777304
UN Development Program (UNDP) 793511262
UN Educational, Scientific, & Cultural Organization (UNESCO) 053317819
UN World Food Program (UNWFP) 054023952
UN International Children's Education Fund (UNICEF) 017698452
UN World Health Organization (WHO) 618736326



06/25/2025
876707509



U. S. Department of State
CONSULAR OFFICES OF THE UNITED STATES OF AMERICA
**AFFIDAVIT FOR THE SURVIVING SPOUSE OR NEXT OF KIN**
*Provide information below to the extent that it is available.*

VENUE

_____Texas_____
State

ss.

_____Houston_____
City

I, _____Kim Young-sook_____ being duly sworn according to law, declare that I reside at
Your Name

_____5822 Knollwod Trail, Spring Texas 77373_____ and that on ___12-17-2011___
Street Address *(Including City, State/or Country)*                                Date of Death *(mm-dd-yyyy)*

_____Kim Yuri_____ had permanent legal residence at
Name of Deceased

_____5822 Knollwood Trail, Spring, Texas 77373_____. I am the _____widow_____
Complete Address of the Deceased                                Specify: widow, widower, child, father,
                                                                mother, sibling, other

and as such am entitled to receive the decedent's estate under the laws of ___Texas and North Korea___. To the best of my knowledge,
                                                                Name of state/foreign state in the
                                                                United States or foreign country
                                                                where the deceased last had a
                                                                permanent legal residence

_____Kim Yuri_____ did/did not have a will or trust specifying the disposition of his or her estate.
Name of Deceased

**NAME(S) OF SURVIVORS, IN ORDER OF KINSHIP**

Please insert the name of living relatives in the following order of relationship: surviving spouse, children, father and/or mother, brothers and/or sisters, other:

| Name | Date of Birth (mm-dd-yyyy) | Address | Telephone Number | Relationship |
|---|---|---|---|---|
| Kim Young-sook | 08-25-1969 | 5822 Knollwood Trail Spring, Texas 77373 | 1-718-404-3251 | surviving spouse |
| Kim Jong Un | 01-08-1984 | Wonsan, North Korea | | son |
| Kim Yo Jong | 09-26-1987 | Pyongyang, North Korea | | daughter |
| Kim Jong Chul | 09-25-1981 | Pyongyang, North Korea | | son |

DS-5511
12-2024

Page 1 of 3



06/25/2025
876707509
USA

| Name | Date of Birth | Address | | Telephone Number | Relationship |
|---|---|---|---|---|---|
| Kim Sol-song | 12-30-1974 | North Korea | | | daughter |
| Kim Ch'un-song | 01-01-1976 | North Korea | | | daughter |
| Kim Hye-kyung | 01-01-1968 | North Korea | | | daughter |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Subscribed and sworn to before me by    *Aundra Owens Crane El (C)(TM)(AR)*
                                    Signature of Affiant

    Aundra Owens Crane El(C)(TM)(AR)          06-25-2025
Type Name of Affiant                        Date *(mm-dd-yyyy)*

_____

Address of Notary Public

_____          _____
Signature of Notary Public          Type Name of Notary Public

DS-5511                                         Page 2 of 3



06/25/2025
876707509

# PRIVACY ACT STATEMENT

The information on this form is requested to assist U.S. Consular Officers to fulfill the requirements of 22 U.S.C. 2715c and determine the next-of-kin of an American citizen who dies abroad. A U.S. Consular Officer, or a U.S. diplomatic Officer is required to serve as "provisional conservator" of the personal effects of U.S. citizens who die abroad at the time of their death if there is not a legal representative, partner in trade, or trustee appointed to take care of the decedent's estate and if the responsibilities of a "provisional conservator" are authorized by treaty by the authorities or usage of the country where the death occurs or the decedent is domiciled. Additionally, in exceptional circumstances, a U.S. Consular Officer may also serve as administrator of an estate. A U.S. Consular officer may only release the personal effects of the decedent to a person who has qualified legally to take care of the decedent's estate or, in appropriate circumstances, to the next of kin.

Providing the information in the affidavit is voluntary, but, failure to complete this form will require the person claiming to be next-of-kin to obtain and present alternative documents such as certified copies of Letters Testamentary, Letters of Administration, or trust documents.

ROUTINE USES: The information solicited on this form may be made available to federal, state, local, or foreign government entities for administrative or law enforcement purpose, including for the notification of kin or judicial matters involving contested estates and related issues.

DS-5511                                                                                           Page 3 of 3



06/25/2025
876707509



06/25/2025
876707509



U. S. Department of  State

CONSULAR OFFICES OF THE UNITED STATES OF AMERICA

**AFFIDAVIT FOR THE SURVIVING SPOUSE OR NEXT OF KIN**

*Provide information below to the extent that it is available.*

VENUE

Texas
_____
State

ss.

Angleton
_____
City

I, Aundra Owens Crane El(C)(TM) being duly sworn according to law, declare that I reside at
Your Name

5822 Knollwod Trail, Spring Texas 77373 and that on 12-17-2011
Street Address *(Including City, State/or Country)* Date of Death *(mm-dd-yyyy)*

Kim Jong-il(C)(TM) had permanent legal residence at
Name of Deceased

5822 Knollwood Trail, Spring, Texas 77373 . I am the widow
Complete Address of the Deceased Specify: widow, widower, child, father, mother, sibling, other

and as such am entitled to receive the decedent's estate under the laws of Texas and North Korea . To the best of my knowledge,
Name of state/foreign state in the United States or foreign country where the deceased last had a permanent legal residence

Kim Jong-il(C)(TM) did/did not have a will or trust specifying the disposition of his or her estate.
Name of Deceased

NAME(S) OF SURVIVORS, IN ORDER OF KINSHIP

Please insert the name of living relatives in the following order of relationship: surviving spouse, children, father and/or mother, brothers and/or sisters, other:

| Name | Date of Birth (mm-dd-yyyy) | Address | Telephone Number | Relationship |
|---|---|---|---|---|
| Aundra Owens Crane El(C)(TM) | 08-25-1969 | 5822 Knollwood Trail Spring, Texas 77373 | 1-718-404-3251 | surviving spouse |
| Kim Jong Un | 01-08-1984 | Wonsan, North Korea | | son |
| Kim Yo Jong | 09-26-1987 | Pyongyang, North Korea | | daughter |
| Kim Jong Chul | 09-25-1981 | Pyongyang, North Korea | | son |

DS-5511
12-2024

06/25/2025
876707509

| Name | Date of Birth | Address | | Telephone Number | Relationship |
|------|---------------|---------|---|------------------|--------------|
| Kim Sol-song | 12-30-1974 | North Korea | | | daughter |
| Kim Ch'un-song | 01-01-1976 | North Korea | | | daughter |
| Kim Hye-kyung | 01-01-1968 | North Korea | | | daughter |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Subscribed and sworn to before me by    *Aundra Owens Crane El(C)(TM)(AR)*
                                          Signature of Affiant

Aundra Owens Crane El(C)(TM)(AR)
Type Name of Affiant

                                          06-25-2025
                                          Date *(mm-dd-yyyy)*

_____
Address of Notary Public

_____          _____
Signature of Notary Public              Type Name of Notary Public

DS-5511                                                    Page  2 of 3

06/25/2025
876707509

# PRIVACY ACT STATEMENT

The information on this form is requested to assist U.S. Consular Officers to fulfill the requirements of 22 U.S.C. 2715c and determine the next-of-kin of an American citizen who dies abroad. A U.S. Consular Officer, or a U.S. diplomatic Officer is required to serve as "provisional conservator" of the personal effects of U.S. citizens who die abroad at the time of their death if there is not a legal representative, partner in trade, or trustee appointed to take care of the decedent's estate and if the responsibilities of a "provisional conservator" are authorized by treaty by the authorities or usage of the country where the death occurs or the decedent is domiciled. Additionally, in exceptional circumstances, a U.S. Consular Officer may also serve as administrator of an estate. A U.S. Consular officer may only release the personal effects of the decedent to a person who has qualified legally to take care of the decedent's estate or, in appropriate circumstances, to the next of kin.

Providing the information in the affidavit is voluntary, but, failure to complete this form will require the person claiming to be next-of-kin to obtain and present alternative documents such as certified copies of Letters Testamentary, Letters of Administration, or trust documents.

ROUTINE USES: The information solicited on this form may be made available to federal, state, local, or foreign government entities for administrative or law enforcement purpose, including for the notification of kin or judicial matters involving contested estates and related issues.

DS-5511                                                                                      **Page 3 of 3**







**TDI** | Texas Department of Insurance

PO Box 12030 | Austin, TX 78711 | 800-578-4677 | tdi.texas.gov

February 10, 2022

GENUINE AMERICAN LEGACY
EL FREDERICK DEAN
7526 PINE HOLLOW DRIVE
HUMBLE TX 77396

Problem report ID:          330863
Subject:                    MUQALLIBU DEEN EL
                            EL FREDERICK DEAN

Dear Mr. Dean:

The Texas Department of Insurance received your recent correspondence. We will retain your informal complaint for informational purposes only.

Please note that you must request cancellation of any insured contracts you have with the individual insurance companies. The cancellation process may vary by contract and/or company. Please refer to your specific contracts or call the insurance companies directly about your request for cancellation. TDI cannot cancel your insurance contracts.

Thank you for bringing your concerns to our attention.

Sincerely,

Keitha McKinney
Commissioner's Ombudsman
Telephone: 512-676-6604
Email: Keitha.mckinney@tdi.texas.gov

Enclosure

c:      Cassie Brown, Commissioner of Insurance
        Attn: Keitha McKinney, Commissioner's Ombudsman
        Mail Code 113-3A

05/30/2025
873075339



05/30/2025
873075339

FIRST-CLASS MAIL
AUTO

neopost¢Φ
02/11/2022

**US POSTAGE** $000.46¹

ZIP 78701
041M11235405

PRST FCM 02 ^12 ^2022 ^752 **

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE

**Texas Department of Insurance**
Consumer Protection, MC 111-1A
333 Guadalupe St • PO Box 149091 Austin TX 78714-9091
www.tdi.texas.gov

RETURN SERVICE REQUESTED

009   LIF-4AB 77356

05/30/2025
873075339

2ᶜ

05/30/2025
873075339

USA

# OFM website request_12pp

| | |
|---|---|
| From | **M.D. El** <eldino@hushmail.com> |
| To | **ofmegovhelpdesk** <ofmegovhelpdesk@state.gov> |
| Sent | Friday, June 20, 2025 at 2:19 PM |
| Encrypted | Yes |
| Signed | Yes, by eldino@hushmail.com |
| Attachments | OFM website request.pdf |



06/20/2025
873075339

06/20/2025
873075339





U.S. Department of State

**APPLICATION FOR OFM WEBSITE ACCOUNT**

*OMB APPROVAL NO.1405-0105
EXPIRATION DATE:03-31-2018
ESTIMATED BURDEN:10 MIN.

Email application to OFM HelpDesk at OFMeGovHelpDesk@state.gov

**Type of Request**

| | | |
|---|---|---|
| ☐ New Account | ☑ Change to Existing Account | ☐ Delete Account |

**Section 1 Applicant Information**    Mission *Walter Stanley Crane Jr El Estate*

| 1. Surname | 2. Given Name | 3. Middle Initial | 4. PID |
|---|---|---|---|
| El | Mugallibu-Deen | none | unknown |
| **5. Date of Birth (mm-dd-yyyy)** | **6. Telephone Number** | **7. E-mail Address** | |
| 04-05-1971 | (281) 209-1539 | eldino@hushmail.com | |

**Section 2 User Acknowledgement**

I understand that I am authorized to use this account for the sole purpose of requesting certain privileges and benefits provided by the U.S. Department of State to the mission(s) listed in Section 4 of this application. Any other users of this account are strictly prohibited. I will not divulge my login or password to any other person. I will notify the OFM HelpDesk if I have any reason to believe my password has been compromised. I further acknowledge that improper use could result in administrative action against me.

Print Name   *Mugallibu Deen El (C)(AR)*

Signature   *Mugallibu Deen : El (C)(AR)*    Date (mm-dd-yyyy)   06-20-2025

**Section 3 Account Access (check applicable sections)**

| | | |
|---|---|---|
| ☑ All | ☐ Bonded Warehous | ☐ Port Courtesies |
| ☐ Accreditation | ☐ Customs | ☐ Tax |
| ☐ Airport Escort | ☐ DMV | ☐ White House Tours |

**Privacy Act and Paperwork Reduction Statement**

**\*AUTHORITIES:** The information is sought pursuant to Vienna Convention on Diplomatic Relations of 1961; Vienna Convention on Consular Relations of 1963; Diplomatic Relations (22 U.S.C. 254a-e); International Organizations Immunities Act (22 U.S.C. 288o (a)); Foreign Missions Act of 1982 (22 U.S.C. 4301-4316) as amended.

**PURPOSE:** The purpose of this form is to authorize access to the Office of Foreign Missions' electronic data submission (e-Gov) system. The information solicited on this form will be used to determine eligibility and create user accounts for the e-Gov system.

**ROUTINE USES:** The information provided on this form may be provided to other federal agencies for law enforcement, administrative or other statutorily authorized purposes as covered under STATE 36, Security Records. This information also may be provided to the employing foreign government or international organization.

**DISCLOSURE:** Providing this information is voluntary; Failure to provide the information requested on this form may result in denial of access to the E-Gov system.

**PAPERWORK REDUCTION ACT:** \*Public reporting burden for this collection of information is estimated to average 10 minutes per response, including time required for searching existing data sources, gathering the necessary documentation, providing the information and/or documents required, and reviewing the final collection. You do not have to supply this information unless this collection displays a currently valid OMB control number. If you have comments on the accuracy of this burden estimate and/or recommendations for reducing it, please send them to: M/OFM, 3507 International Place NW, Washington, DC 20008.

06/20/2025
873045339
2°



**Section 4 Authorized Missions**

| Mission | City | State | ZIP Code |
|---|---|---|---|
| *Mugallhbu-al-Quloub Bey* | *non-domestic* | *w/o the U.S.* | *zip exempt* |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Section 5 Head of Post Acknowledgement**

The applicant listed on this form is an accredited member of the post of which I am the head. I certify this applicant should have the account access as indicated on this form. I acknowledge if I am made aware of or suspect any improper use of this account, I will promptly notify OFM at OFMeGovHelpDesk@state.gov .

Print Name _____    PID _____

Signature _____    Date *(mm-dd-yyyy)* _____

E-mail _____

***Mission Seal Required***

**Section 6 Office of Foreign Missions Approval**

Print Name _____

Signature _____    Date *(mm-dd-yyyy)* _____



06/20/2025
873075339



U.S. Department of State

**\*OMB APPROVAL NO.1405-0105**
**EXPIRATION DATE:03-31-2018**
**ESTIMATED BURDEN:10 MIN.**

# APPLICATION FOR OFM WEBSITE ACCOUNT

Email application to OFM HelpDesk at OFMeGovHelpDesk@state.gov

**Type of Request**

| ☐ New Account | ☑ Change to Existing Account | ☐ Delete Account |
|---|---|---|

**Section 1 Applicant Information**     Mission *Walter Stanley Crane Jr El Estate*

| 1. Surname | 2. Given Name | 3. Middle Initial | 4. PID |
|---|---|---|---|
| *El* | *Aundra-Owens-Crane* | *none* | *unknown* |

| 5. Date of Birth *(mm-dd-yyyy)* | 6. Telephone Number | 7. E-mail Address |
|---|---|---|
| *08-25-1969* | *(718) 404-3251* | *aundracrane8@gmail.com* |

**Section 2 User Acknowledgement**

I understand that I am authorized to use this account for the sole purpose of requesting certain privileges and benefits provided by the U.S. Department of State to the mission(s) listed in Section 4 of this application. Any other users of this account are strictly prohibited. I will not divulge my login or password to any other person. I will notify the OFM HelpDesk if I have any reason to believe my password has been compromised. I further acknowledge that improper use could result in administrative action against me.

Print Name     *Aundra Owens Crane El (c)(AR)*

Signature     *Beneficiary agent for Aundra OwensCrane El (c)(AR) principal*     Date *(mm-dd-yyyy)*     *06-20-2025*

**Section 3 Account Access** *(check applicable sections)*

| ☑ All | ☐ Bonded Warehous | ☐ Port Courtesies |
|---|---|---|
| ☐ Accreditation | ☐ Customs | ☐ Tax |
| ☐ Airport Escort | ☐ DMV | ☐ White House Tours |

**Privacy Act and Paperwork Reduction Statement**

**\*AUTHORITIES:** The information is sought pursuant to Vienna Convention on Diplomatic Relations of 1961; Vienna Convention on Consular Relations of 1963; Diplomatic Relations Act (22 U.S.C. 254a-e); International Organizations Immunities Act (22 U.S.C. 288e (a)); Foreign Missions Act of 1982 (22 U.S.C. 4301-4316) as amended.

**PURPOSE:** The purpose of this form is to authorize access to the Office of Foreign Missions' electronic data submission (e-Gov) system. The information solicited on this form will be used to determine eligibility and create user accounts for the e-Gov system.

**ROUTINE USES:** The information provided on this form may be provided to other federal agencies for law enforcement, administrative or other statutorily authorized purposes as covered under STATE 36, Security Records. This information also may be provided to the employing foreign government or international organization.

**DISCLOSURE:** Providing this information is voluntary; Failure to provide the information requested on this form may result in denial of access to the E-Gov system.

**PAPERWORK REDUCTION ACT:** \*Public reporting burden for this collection of information is estimated to average 10 minutes per response, including time required for searching existing data sources, gathering the necessary documentation, providing the information and/or documents required, and reviewing the final collection. You do not have to supply this information unless this collection displays a currently valid OMB control number. If you have comments on the accuracy of this burden estimate and/or recommendations for reducing it, please send them to: M/OFM, 3507 International Place NW, Washington, DC 20008.

DS-4140
03-2015

*06/20/2025* Page 1 of 2

*8730753*



**Section 4 Authorized Missions**

| Mission | City | State | ZIP Code |
|---|---|---|---|
| Bundia Owens Crane El (CXAR) | non-domestic | w/o the U.S. | zip exempt |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Section 5 Head of Post Acknowledgement**

The applicant listed on this form is an accredited member of the post of which I am the head. I certify this applicant should have the account access as indicated on this form. I acknowledge if I am made aware of or suspect any improper use of this account, I will promptly notify OFM at OFMeGovHelpDesk@state.gov .

Print Name _____    PID _____

Signature _____    Date *(mm-dd-yyyy)* _____

E-mail _____

**\*\*\*Mission Seal Required\*\*\***

**Section 6 Office of Foreign Missions Approval**

Print Name _____

Signature _____    Date *(mm-dd-yyyy)* _____

DS-4140    **Page 2 of 2**



06/20/2025
873075339

UNITED STATES COPYRIGHT OFFICE

# Receipt of Payment

**RECORDS RESEARCH & CERTIFICATION**

Name: Muqalliibu-al-Quloub Bey

Address: 5822 Knollwood Trail

Spring, TX 77373

Phone:

Completed Date: 10/26/2020

Service Request No.: 1-9450591869 (TCLA)

Registration No.: AA222141 and 2 others

Title:

Other:

| Service | Unit Price | Quantity | Fees | Amount Paid |
|---|---|---|---|---|
| **Estimate** | | | | |
| Estimate for retrieval (to be credited toward request) | $200.00 | | $ 0.00 | $ 0.00 |
| **Retrieval Services** | | | | |
| Physical deposit | $200.00 per hour (1 hour min.) or per 6 | | $ 0.00 | $ 0.00 |
| Electronic deposit | $200.00 per hour (1 hour min.) | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Electronic application | $200.00 per hour (1 hour min.) | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Physical correspondence | $200.00 per 6 | | $ 0.00 | $ 0.00 |
| Electronic correspondence | $200.00 per hour (1 hour min.) | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of correspondence (physical) | $200.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of correspondence (e-file) | $200.00 per hour (1 hour min.) | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of deposit (physical) | $200.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of deposit (e-file) | $200.00 per hour (1 hour min.) | | $ 0.00 | $ 0.00 |
| **Copy Services** | | | | |
| Additional certificate | $55.00 | 3 | $ 165.00 | $ 165.00 |
| Black and white | $12.00 | | $ 0.00 | $ 0.00 |
| Color | $12.00 | | $ 0.00 | $ 0.00 |
| CD/DVD | $12.00 | | $ 0.00 | $ 0.00 |
| Flash drive | $12.00 | | $ 0.00 | $ 0.00 |
| Audio cassette | $12.00 | | $ 0.00 | $ 0.00 |
| Video cassette | $12.00 | | $ 0.00 | $ 0.00 |
| **Additional Services** | | | | |
| Litigation statement | $100.00 per statement | | $ 0.00 | $ 0.00 |
| Certification | $200.00 | | $ 0.00 | $ 0.00 |
| Double certified certificates | $255.00 | | $ 0.00 | $ 0.00 |
| Expedited service | $500.00 per hour | | $ 0.00 | $ 0.00 |
| Overnight shipping (FedEx) | $45.00 | | $ 0.00 | $ 0.00 |
| Fax | up to 7 pages (57 min.) | | $ 0.00 | $ 0.00 |
| Each additional page | $1.00 per page | | $ 0.00 | $ 0.00 |
| Public photocopying | $0.25 per page | | $ 0.00 | $ 0.00 |
| Outside Service (DUPL/MBRS) | $ | | $ 0.00 | $ 0.00 |
| **Search Services** | | | | |
| Search estimate | $200.00 | | $ 0.00 | $ 0.00 |
| Litigation search | $200.00 per hour | | $ 0.00 | $ 0.00 |
| Inspection search | $200.00 per hour | | $ 0.00 | $ 0.00 |
| Search report | $400.00 first 2 hours (2 hour min.) | | $ 0.00 | $ 0.00 |
| Each additional hour | $200.00 | | $ 0.00 | $ 0.00 |
| **Other Services** | | | | |
| | $ | | $ 0.00 | $ 0.00 |
| Total Fee | | | $ 165.00 | |
| Total Amount Paid | | | | $ 165.00 |
| Refund | | | | $ 0.00 |

U.S. Copyright Office  ·  Library of Congress  ·  101 Independence Avenue SE  ·  Washington, DC 20559  ·  www.copyright.gov

REVISED: 03/2020



05/30/2025
87307539

05/30/2025
873075339



UNITED STATES COPYRIGHT OFFICE

# Receipt of Payment

**RECORDS RESEARCH & CERTIFICATION**

Name: Aundra Owens Crane-Ei

Address: 5822 Knollwood Trail

Spring, TX 77373

Phone: _____

Completed Date: 10/26/2020

Service Request No.: 1-9450592082 (TCLA)

Registration No.: AA222141 and 2 others

Title: _____

Other: _____

| Service | Unit Price | Quantity | Fee | Amount Paid |
|---|---|---|---|---|
| **Estimate** | | | | |
| Estimate for retrieval *(to be credited toward request)* | $200.00 | | $ 0.00 | |
| **Retrieval Services** | | | | |
| Physical deposit | $200.00 per hour *(1 hour min.)* or per 6 | | $ 0.00 | |
| Electronic deposit | $200.00 per hour *(1 hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Electronic application | $200.00 per hour *(1 hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Physical correspondence | $200.00 per 6 | | $ 0.00 | |
| Electronic correspondence | $200.00 per hour *(1 hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Retrieval for inspection of correspondence (physical) | $200.00 | | $ 0.00 | |
| Retrieval for inspection of correspondence (e-file) | $200.00 per hour *(1 hour min.)* | | $ 0.00 | |
| Retrieval for inspection of deposit (physical) | $200.00 | | $ 0.00 | |
| Retrieval for inspection of deposit (e-file) | $200.00 per hour *(1 hour min.)* | | $ 0.00 | |
| **Copy Services** | | | | |
| Additional certificate | $55.00 | 3 | $ 165.00 | $ 165.00 |
| Black and white | $12.00 | | $ 0.00 | |
| Color | $12.00 | | $ 0.00 | |
| CD/DVD | $12.00 | | $ 0.00 | |
| Flash drive | $12.00 | | $ 0.00 | |
| Audio cassette | $12.00 | | $ 0.00 | |
| Video cassette | $12.00 | | $ 0.00 | |
| **Additional Services** | | | | |
| Litigation statement | $100.00 per statement | | $ 0.00 | |
| Certification | $200.00 | | $ 0.00 | |
| Double certified certificates | $255.00 | | $ 0.00 | |
| Expedited service | $500.00 per hour | | $ 0.00 | |
| Overnight shipping (FedEx) | $45.00 | | $ 0.00 | |
| Fax | up to 7 pages *(57 min.)* | | $ 0.00 | |
| Each additional page | $1.00 per page | | $ 0.00 | |
| Public photocopying | $0.25 per page | | $ 0.00 | |
| Outside Service (DUPL/MBRS) | $ | | $ 0.00 | $ 0.00 |
| **Search Services** | | | | |
| Search estimate | $200.00 | | $ 0.00 | |
| Litigation search | $200.00 per hour | | $ 0.00 | |
| Inspection search | $200.00 per hour | | $ 0.00 | |
| Search report | $400.00 first 2 hours *(2 hour min.)* | | $ 0.00 | |
| Each additional hour | $200.00 | | $ 0.00 | |
| **Other Services** | | | | |
| | $ | | $ 0.00 | |
| | | Total Fee | $ 165.00 | |
| | | Total Amount Paid | | $ 165.00 |
| | | Refund | | $ 0.00 |

U.S. Copyright Office  ·  Library of Congress  ·  101 Independence Avenue SE  ·  Washington, DC 20559  ·  www.copyright.gov

REVISED: 01/2020



06/20/2025
873075339



06/20/2025
873075339

# RE: Certifications request

| | |
|---|---|
| From | **CopyCerts** <copycerts@copyright.gov> |
| To | **'M.D. El'** <eldino@hushmail.com> |
| Cc | **CopyCerts** <copycerts@copyright.gov> |
| Sent | Thursday, April 15, 2021 at 11:18 AM |
| Replied | Yes |
| Encrypted | No |
| Signed | No |

Good Day


Thank you for contacting Records, Research and Certification.


The service request number you provided 1-9450592082 was mailed out and completed. How can I help you?



Sincerely,

**TC**

Records Research and Certification

Attn:  RR&CS

US Copyright Office

P.O. Box 70400

Washington, DC 20024

Phone: 202-707-6787

Fax: 202-252-3519

Website: www.copyright.gov




**From:** M.D. El <eldino@hushmail.com>
**Sent:** Thursday, April 15, 2021 12:10 PM
**To:** CopyCerts <copycerts@copyright.gov>
**Subject:** Certifications request


Regarding service request # 1-9450592082 completed 10/26/2020, I, additionally, require the AA222141, plus two others, for Walter Stanley Crane Jr. El, deceased, as well.


The original request was processed by a T. Clark. Sorry for any inconvenience.


Thank you.



06/20/2025
873075339



**UNITED STATES COPYRIGHT OFFICE**
## Estimate for Services

**RECORDS RESEARCH & CERTIFICATION**

Name: Walter Stanley Crane Jr. El
Phone:

Created Date: 4/17/2021
Service Request No.: 1-10374950456 (TCLA)
Registration No.: AA222141 and 2 others
Title:
Other:

| Service | Unit Price | Quantity | Fee | For Office Use |
|---|---|---|---|---|
| **Estimate** | | | | |
| Estimate for retrieval *(to be credited toward request)* | $200.00 | | $ 0.00 | 1707 |
| **Retrieval Services** | | | | |
| Physical deposit | $200.00 per hour *(1 hour min.)* or per 6 | | $ 0.00 | 1401 |
| Electronic deposit | $200.00 per hour *(half hour min.)* | | $ 0.00 | 1402 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Electronic application | $200.00 per hour *(half hour min.)* | | $ 0.00 | 1402 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Physical correspondence | $200.00 per 6 | | $ 0.00 | 1403 |
| Electronic correspondence | $200.00 per hour *(half hour min.)* | | $ 0.00 | 1404 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Retrieval for inspection of correspondence (physical) | $200.00 | | $ 0.00 | 1405 |
| Retrieval for inspection of correspondence (e-file) | $200.00 per hour *(half hour min.)* | | $ 0.00 | 1405 |
| Retrieval for inspection of deposit (physical) | $200.00 | | $ 0.00 | 1406 |
| Retrieval for inspection of deposit (e-file) | $200.00 per hour *(half hour min.)* | | $ 0.00 | 1406 |
| **Copy Services** | | | | |
| Additional certificate | $55.00 | 3 | $ 165.00 | 1201 |
| Black and white | $12.00 | | $ 0.00 | 1301 |
| Color | $12.00 | | $ 0.00 | 1303 |
| CD/DVD | $12.00 | | $ 0.00 | 1305 |
| Flash drive | $12.00 | | $ 0.00 | 1306 |
| Audio cassette | $12.00 | | $ 0.00 | 1307 |
| Video cassette | $12.00 | | $ 0.00 | 1308 |
| **Additional Services** | | | | |
| Litigation statement | $100.00 per statement | | $ 0.00 | 1100 |
| Certification | $200.00 | | $ 0.00 | 1207 |
| Double certified certificates | $255.00 | | $ 0.00 | 1206 |
| Expedited service | $500.00 per hour | | $ 0.00 | 1503 |
| Overnight shipping (FedEx) | $45.00 | | $ 0.00 | 1501 |
| Fax | up to 7 pages *($7 min.)* | | $ 0.00 | 1502 |
| Each additional page | $1.00 per page | | $ 0.00 | |
| Public photocopying | $0.25 per page | | $ 0.00 | 1504 |
| Outside Service (DUPL/MBRS) | $ | | $ 0.00 | 1505 |
| **Search Services** | | | | |
| Search estimate | $200.00 | | $ 0.00 | 1802 |
| Litigation search | $200.00 per hour | | $ 0.00 | 1601 |
| Inspection search | $200.00 per hour | | $ 0.00 | 1701 |
| Search report | $400.00 first 2 hours *(2 hour min.)* | | $ 0.00 | 1801 |
| Each additional hour | $200.00 | | $ 0.00 | |
| **Other Services** | | | | |
| | $ | | $ 0.00 | |
| | | **Estimate Total** | $ 165.00 | |

For Office Use:

U.S. Copyright Office  ·  Library of Congress  ·  101 Independence Avenue SE  ·  Washington, DC 20559  ·  www.copyright.gov
REVISED: 03/2020

06/20/2025
873075339



06/20/2025
873075339



**UNITED STATES COPYRIGHT OFFICE**

# Receipt of Payment

**RECORDS RESEARCH & CERTIFICATION**

Name: Muqallibu-al-Quloub Bey
Address: 5822 Knollwood Trail
Spring, TX 77373

Phone:

Completed Date: 10/26/2020
Service Request No.: 1-9450591869 (TCLA)
Registration No.: AA222141 and 2 others
Title:
Other:

| Service | Unit Price | Quantity | Fees | Amount Paid |
|---|---|---|---|---|
| **Estimate** | | | | |
| Estimate for retrieval *(to be credited toward request)* | $200.00 | | $ 0.00 | $ 0.00 |
| **Retrieval Services** | | | | |
| Physical deposit | $200.00 per hour *(1 hour min.)* or per 6 | | $ 0.00 | $ 0.00 |
| Electronic deposit | $200.00 per hour *(1 hour min.)* | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Electronic application | $200.00 per hour *(1 hour min.)* | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Physical correspondence | $200.00 per 6 | | $ 0.00 | $ 0.00 |
| Electronic correspondence | $200.00 per hour *(1 hour min.)* | | $ 0.00 | $ 0.00 |
| Each additional 15 minutes | $50.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of correspondence (physical) | $200.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of correspondence (e-file) | $200.00 per hour *(1 hour min.)* | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of deposit (physical) | $200.00 | | $ 0.00 | $ 0.00 |
| Retrieval for inspection of deposit (e-file) | $200.00 per hour *(1 hour min.)* | | $ 0.00 | $ 0.00 |
| **Copy Services** | | | | |
| Additional certificate | $55.00 | 3 | $ 165.00 | $ 165.00 |
| Black and white | $12.00 | | $ 0.00 | $ 0.00 |
| Color | $12.00 | | $ 0.00 | $ 0.00 |
| CD/DVD | $12.00 | | $ 0.00 | $ 0.00 |
| Flash drive | $12.00 | | $ 0.00 | $ 0.00 |
| Audio cassette | $12.00 | | $ 0.00 | $ 0.00 |
| Video cassette | $12.00 | | $ 0.00 | $ 0.00 |
| **Additional Services** | | | | |
| Litigation statement | $100.00 per statement | | $ 0.00 | $ 0.00 |
| Certification | $200.00 | | $ 0.00 | $ 0.00 |
| Double certified certificates | $255.00 | | $ 0.00 | $ 0.00 |
| Expedited service | $500.00 per hour | | $ 0.00 | $ 0.00 |
| Overnight shipping (FedEx) | $45.00 | | $ 0.00 | $ 0.00 |
| Fax | up to 7 pages *($7 min.)* | | $ 0.00 | $ 0.00 |
| Each additional page | $1.00 per page | | $ 0.00 | $ 0.00 |
| Public photocopying | $0.25 per page | | $ 0.00 | $ 0.00 |
| Outside Service (DUPL/MBRS) | $ | | $ 0.00 | $ 0.00 |
| **Search Services** | | | | |
| Search estimate | $200.00 | | $ 0.00 | $ 0.00 |
| Litigation search | $200.00 per hour | | $ 0.00 | $ 0.00 |
| Inspection search | $200.00 per hour | | $ 0.00 | $ 0.00 |
| Search report | $400.00 first 2 hours *(2 hour min.)* | | $ 0.00 | $ 0.00 |
| Each additional hour | $200.00 | | $ 0.00 | $ 0.00 |
| **Other Services** | | | | |
| | $ | | $ 0.00 | $ 0.00 |
| | Total Fees | | $ 165.00 | |
| | Total Amount Paid | | | $ 165.00 |
| | Refund | | | $ 0.00 |

**U.S. Copyright Office** · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559 · www.copyright.gov
REVISED: 03/2020



05/30/2025
873075339
USA

05/30/2025
873075339

# Additional Certificate of Registration of a Claim to Copyright

This is to certify that the statements set forth in the attached have been made a part of the records of the Copyright Office with claim of copyright registered under number

In testimony whereof, the seal of this office is affixed hereto on

**AA 222141**

**October 26, 2020**

*Shira Perlmutter*

United States Register of Copyrights and Director

c-731 · 10/2020



6. Name                                      Address

05/30/2025
873075339





05/30/2025
873075339

# APPLICATION FOR REGISTRATION
## OF A CLAIM TO COPYRIGHT IN A BOOK PUBLISHED IN THE UNITED STATES OF AMERICA

REGISTRATION NO. **AA  222141**

CLASS **A**

DO NOT WRITE HERE

FORM A

INSTRUCTIONS.—Fill in the applicable items on all pages. Pages 1 and 2 should be original copies either printed with pen and ink or typewritten. Page 1a will be returned to you as your Certificate of Registration and therefore should be filled in with care to agree with page 1. Carbon paper may be used for page 1a, but as most carbons will smudge, the Certificate will look neater if typed separately. Mail all pages to the Register of Copyrights, Library of Congress, Washington 25, D. C., together with two copies of the work and the registration fee of $4. Make your remittance payable to the Register of Copyrights. See page 2a for full instructions.

1. COPYRIGHT CLAIMANT OR CLAIMANTS (Full NAMES and ADDRESSES):

   Charles Mosley Bey

   2633 E. 5th St. Cleveland 4 Ohio

2. TITLE OF WORK Clock of Destiny Moorish Identification Card with the Zodiac Constitution

3. AUTHORS (Includes Editors, Translators, etc.) Full name, pseudonym, if any, and year of birth and, if dead, year of death, are requested for cataloging purposes. Citizenship *must* be given.

   (a) Name Charles Mosley Bey
       (First)    (Middle)    (Last)
       Citizenship _____
       (Give name of country)

       Domicile 2633 E. 5th St.
       (Address)
       Birth 2.6.1892  Death _____
       (Year)          (Year)

   (b) Name _____
       (First)    (Middle)    (Last)
       Citizenship Moorish American
       (Give name of country)

       Domicile _____
       (Address)
       Birth _____  Death _____
       (Year)         (Year)

4. (a) Check one of the following ONLY if your book is:
   ☑ A revised edition of a previously published book.
   ☐ A translation.
   ☐ A serial republished in book form with new matter.
   ☐ United States edition of a book first published abroad on (Date) _____
      in the English language and registered under Ad Interim No. _____

   (b) If checked above give title and author of original publication (if different from present book). Give brief statement of new matter in this edition.

   Charles Mosley Bey
   Clock of Destiny Moorish American Nationality Card of Identification—with Zodiac Constitution

   FOR COPYRIGHT OFFICE USE ONLY
   APPLICATION AND AFFIDAVIT RECEIVED
   SEP 10 1952
   TWO COPIES RECEIVED
   JUN 2 1952
   FEE RECEIVED # 30554
   JUL 29 1952

5. SEND CERTIFICATE TO: (If refund or other communications are to be sent to another person, give his name in space 6.)

   Name Charles Mosley Bey

   Address 2633 E. 5th St.
           (Number and street)
   Cleveland  4  Ohio
   (City)   (Zone)   (State)

6. Name _____  Address _____



05/30/2025
873075339



# AFFIDAVIT

IMPORTANT.—Fill in this affidavit, sign it before an officer authorized to administer oaths within the United States, such as a notary public, who must place his signature, date of execution, and official seal upon the affidavit. The execution of this affidavit must be subsequent to the facts stated therein and must be made by an individual.

STATE OF _OHIO_

COUNTY OF _CUYAHOGA_ } ss:

I, the undersigned, depose and say that I am the * duly authorized agent or representative residing in the United States of the * person claiming copyright in the book described in this application; that the copies of this book deposited in the Copyright Office were printed in the United States ** by _Bagby Printing Co._ at _Cleveland_ _Ohio_
(City)      (State)      
(Name of establishment doing printing)
from type set, plates made from type set, or by other process performed, in the United States by _Bagby Printing Co._ at _Cleveland_ _Ohio_
(City)      (State)      (Name of establishment)
; that if the text was produced by lithographic or photoengraving process, such process was wholly performed in the United States by _Bagby Printing Co._ at _Cleveland_ _Ohio_ ;
(Name of establishment)      (City)      (State)
that the binding, if any, of this book was performed in the United States by _Bagby Printing Co._ at _Cleveland_ _Ohio_ ; that this book was
(Name of establishment doing binding)      (City)      (State)
published on _April 22, 1957_ in the United States.
(Give month, day, and year when copies were first placed on sale, sold, or publicly distributed)

Signature of affiant

[PLACE NOTARIAL SEAL HERE]
(Copyright Act makes use of official seal obligatory)

(Sign and notarize only on or after date of publication)

Subscribed and sworn to affirmed before me this _8_ day of _September_, 19_52_

_Thomas S. Watson_
Signature of notary
_Com expires 9/1/54_

*This affidavit is in form for use by an agent of the copyright claimant. The copyright law permits the affidavit to be made instead by the claimant himself or the printer of the book. If it is to be made by the former, cross out the words between the two single *. If it is to be made by a printer who is not an agent of the claimant, cross out these words and also the succeeding phrase "person claiming copyright in" and write in their place the words "printer of".

**See the provisions of sections 16 and 17 of Title 17 of the United States Code.

U.S. GOVERNMENT PRINTING OFFICE    16—52874-1

*C.O. Note:Notice dated 1947.



05/30/2025
873075339



05/30/2025
873075339





05/30/2025
873075339

05/30/2025
873075339



# Additional Certificate of Registration
## of a Claim to Copyright

This is to certify that the statements set forth
in the attached have been made a part of the
records of the Copyright Office with claim
of copyright registered under number

In testimony whereof, the seal of this office
is affixed hereto on

**AA 209316**

**October 26, 2020**



*Shira Perlmutter*

United States Register of Copyrights and Director

C-731 · 10/2020

6. Name _____     Address _____



05/30/2025
873075339





PAGE 1

## APPLICATION FOR REGISTRATION
### OF A CLAIM TO COPYRIGHT IN A BOOK PUBLISHED
### IN THE UNITED STATES OF AMERICA

REGISTRATION NO.           CLASS
AA 209316    A
DO NOT WRITE HERE
FORM A

INSTRUCTIONS.—Fill in the applicable items on all pages. Pages 1 and 2 should be original copies either printed with pen and ink or typewritten. Page 1a will be returned to you as your Certificate of Registration and therefore should be filled in with care to agree with page 1. Carbon paper may be used for page 1a, but as most carbons will smudge, the Certificate will look neater if typed separately. Mail all pages to the Register of Copyrights, Library of Congress, Washington 25, D. C., together with two copies of the work and the registration fee of $4. Make your remittance payable to the Register of Copyrights. See page 2a for full instructions.

1. COPYRIGHT CLAIMANT OR CLAIMANTS (Full NAMES and ADDRESSES):

*Charles Mosley Bey*

2. TITLE OF WORK *Clock of Destiny*

3. AUTHORS (Includes Editors, Translators, etc.) Full name, pseudonym, if any, and year of birth and, if dead, year of death, are requested for cataloging purposes. Citizenship *must* be given.

(a) Name *Charles Mosley Bey* Citizenship *Moorish American U.S.*
   (First)       (Middle)       (Last)         (Give name of country)
Domicile *2633 E. 57th Street Cleveland, O.* Birth *1877* Death _____
               (Address)                                    (Year)            (Year)

(b) Name _____ Citizenship _____
   (First)       (Middle)       (Last)         (Give name of country)
Domicile _____ Birth _____ Death _____
               (Address)                                    (Year)            (Year)

4. (a) Check one of the following ONLY if your book is:
   ☑ A revised edition of a previously published book.
   ☐ A translation.
   ☐ A serial republished in book form with new matter.
   ☐ United States edition of a book first published abroad on (Date) _____
      in the English language and registered under Ad Interim No. _____

   (b) If checked above give title and author of original publication (if different from present book). Give brief statement of new matter in this edition.

   *(Masonry-Astrology) & history & Geography.*
   *Clock of Destiny*

5. SEND CERTIFICATE TO: (If refund or other communications are to be sent to another person, give his name in space 6.)

Name *C. M. Bey*
Address *2633 E. 57st Street*
           (Number and street)
*Cleveland        4        Ohio*
   (City)          (Zone)        (State)

TURN THIS PAGE

6. Name _____ Address _____

FOR COPYRIGHT OFFICE USE ONLY

APPLICATION AND AFFIDAVIT RECEIVED

APR -3 1952

TWO COPIES RECEIVED
1 C.  Jan 18 '52
1 C.  Mar 12 '52
FEE RECEIVED
$4.00           Mar 12 '5?
Cash Rb. 17900

16—03024-1



05/30/2025
873075339
USA



05/30/2025
873075339

## A F F I D A V I T

IMPORTANT.—Fill in this affidavit, sign it before an officer authorized to administer oaths within the United States, such as a notary public, who must place his signature, date of execution, and official seal upon the affidavit. The execution of this affidavit must be subsequent to the facts stated therein and must be made by an individual.

---

STATE OF  *Ohio*

COUNTY OF  *Cuyahoga*      } ss:

I, the undersigned, depose and say that I am the * duly authorized agent or representative residing in the United States of the * person claiming copyright in the book described in this application; that the copies of this book deposited in the Copyright Office were printed in the United States ** by *B. Johnson Printing & Publishing Co.*
(Name of establishment doing printing)
at *Cleveland*                *Ohio*                from type set, plates made from type set,
(City)                (State)
or by other process performed, in the United States by *B. Johnson Publishing Co.*
(Name of establishment)
at *Cleveland*               *Ohio*               ; that if the text was produced by
(City)                (State)
lithographic or photoengraving process, such process was wholly performed in the United States by
*B. Johnson Publishing Co.*        at *Cleveland*          *Ohio*          ;
(Name of establishment)                (City)                (State)
that the binding, if any, of this book was performed in the United States by *B. Johnson*
(Name of
*Printing Co.*           at *Cleveland*        *Ohio*          ; that this book was
establishment doing binding)                (City)                (State)
published on *Jan. 15, 1962*                              in the United States.
(Give month, day, and year when copies were first placed on sale, sold, or publicly distributed)

*O. McBey*
Signature of affiant

PLACE
[NOTARIAL SEAL]
HERE
(Copyright Act makes use of official seal obligatory)

(Sign and notarize *only* on or after date of publication)

Subscribed and sworn to affirmed before me

this *31* day of *march*, 19*62*

*Anna S. Watson*
Signature of notary

*Commission expires 8/14/64*

---

*This affidavit is in form for use by an agent of the copyright claimant. The copyright law permits the affidavit to be made instead by the claimant himself or the printer of the book. If it is to be made by the former, cross out the words between the two single *. If it is to be made by a printer who is not an agent of the claimant, cross out these words and also the succeeding phrase "person claiming copyright in" and write in their place the words "printer of".

**See the provisions of sections 16 and 17 of Title 17 of the United States Code.

U. S. GOVERNMENT PRINTING OFFICE    16—62834-1



05/30/2025
873075339







05/30/2025
873075339

05/30/2025
873075339



# Additional Certificate of Registration of a Claim to Copyright

This is to certify that the statements set forth
in the attached have been made a part of the
records of the Copyright Office with claim
of copyright registered under number

In testimony whereof, the seal of this office
is affixed hereto on

**A 77869**

**October 26, 2020**

*Shira Perlmutter*

United States Register of Copyrights and Director

c-731 · 10/2020

10—61028-2



05/30/2025
873075339



05/30/2025
873075339

# APPLICATION FOR REGISTRATION
## OF A CLAIM TO COPYRIGHT IN A BOOK PUBLISHED
### IN THE UNITED STATES OF AMERICA

| REGISTRATION No. | CLASS |
|---|---|
| ©CIA A 77869 | A |



INSTRUCTIONS.—Fill in the applicable items on all pages. Pages 1 and 2 must be written either with pen and ink or on the typewriter. Page 1a will be returned to you as your Certificate of Registration and therefore should be filled in with care to agree with page 1. Carbon paper may be used for page 1a but as most carbons will smudge, the Certificate will look neater if typed separately. Mail all pages to the Register of Copyrights, Library of Congress, Washington 25, D. C., together with two copies of the work and the statutory fee of $2. Make your remittance payable to the Register of Copyrights. See page 2a for full instructions.

1. COPYRIGHT OWNER OR OWNERS (Give full names and addresses)
   *Charles Mosley Bey*
   *2633 E. 51st St., Cleveland, Ohio*

2. TITLE OF BOOK   *Clock of Destiny*

3. AUTHORS (Editors, Translators, etc.)  Full name (including full middle name), pseudonym (if any), and year of birth and, if dead, year of death, are requested for cataloging purposes.

   (a) Name *Charles Mosley Bey*          Citizenship *U.S.A.*
      (First)   (Middle)   (Last)      (Country)
      Domicile _____          Birth _____ Death _____
            (Address)           (Year)    (Year)

   (b) Name _____          Citizenship _____
      (First)   (Middle)   (Last)      (Country)
      Domicile _____          Birth _____ Death _____
            (Address)           (Year)    (Year)

   (c) Name _____          Citizenship _____
      (First)   (Middle)   (Last)      (Country)
      Domicile _____          Birth _____ Death _____
            (Address)           (Year)    (Year)

4. (a) Check one of the following ONLY if your book is:
   - ☐ A new edition of a previously published book.
   - ☐ A translation.
   - ☐ A serial republished in book form with new matter.
   - ☐ United States edition of a book first published abroad on (Date)_____
     in the English language and registered under Ad Interim No._____

   (b) If checked above give title and author of original publication (if different from present book) and a brief statement of the nature of the new matter in this edition:

   _____
   _____

SEND CERTIFICATE, REFUND (IF ANY), AND OTHER COMMUNICATIONS TO:

Name  *C. M. Bey*

Address *2633 E. 51st St.*
           (Number and Street)

*Cleveland* 4     *Ohio*
(City)    (Zone)    (State)

19—51936-2

| FOR COPYRIGHT OFFICE USE ONLY |
|---|
| DATES OF RECEIPT |
| APPLICATION AND AFFIDAVIT |
| MAR 25 1948 |
| TWO COPIES OF BOOK |
| 1c. DEC. 5, 1947 |
| 1c. FEB. 24, 1948 |
| REMITTANCE NO. |
| $2.00 138.85 FEB. 25 '48 |


05/30/2025
873075339

05/30/2025
873075339



# AFFIDAVIT

IMPORTANT.—Fill in this affidavit, sign it before an officer authorized to administer oaths within the United States, such as a notary public, who must place his signature, date of execution, and official seal upon the affidavit. The execution of this affidavit must be subsequent to the facts stated therein and must be made by an individual.

STATE OF _Ohio_
COUNTY OF _Cuyahoga_ } ss:

I, the undersigned, depose and say that I am the * duly authorized agent or representative residing in the United States of the * person claiming copyright in the book described in this application; that the copies of this book deposited in the Copyright Office were printed in the United States by _Bagby's Printing Co_ (Name of establishment doing printing) at _Cleveland_ (City) _Ohio_ (State) from type set or by other process performed in the United States by _Bagby's Printing Co_ (Name of establishment) at _Cleveland_ (City) _Ohio_ (State); that the binding, if any, of this book was done in the United States by _Bagby's Printing Co._ (Name of establishment doing binding) at _Cleveland_ (City) _Ohio_ (State); that this book was published on _Saturday, Sept. 18, 19__ (Month, day, and year) in the United States.

_C. W. Dey_ (Signature of affiant)

PLACE
[NOTARIAL SEAL]
HERE
(Copyright Act makes use of official seal obligatory)

Subscribed and sworn to affirmed before me this _23_ day of _March_ 19_48_

_Narcissa Smalley_ (Signature of notary)

NARCISSA SMALLEY, Notary Public
My Commission Expires July 1, 1949

*This affidavit is in form for use by an agent of the copyright claimant. The Copyright Act permits the affidavit to be made instead by the claimant himself or the printer of the book. If it is to be made by the former, cross out the words between the two *. If it is to be made by a printer who is not an agent of the claimant, cross out these words and also the succeeding phrase "person claiming copyright in" and write in their place the words "printer of."

U. S. GOVERNMENT PRINTING OFFICE    16—81926-2





05/30/2025
873075339



05/30/2025
873075339



05/30/2025
873075339

**GOB-M**

THE STATE OF TEXAS
COUNTY OF HARRIS

CASE #: <u>256541901010</u>
SPN: <u>01330401</u>

## GENERAL ORDER BOND for COURT APPEARANCES

I <u>MUQALLIBU DEEN EL</u> swear that I will appear before the County Criminal Court at Law

> **COURT # <u>5</u>** at the **Criminal Justice Center, 1201 Franklin St.**, Houston, Harris County, Texas
> on <u>**Thursday, May 29, 2025**</u> at <u>**8:30AM**</u>

or upon notice by the Court, <u>OR</u> pay to the Court the principal sum of <u>$100.00</u> plus all necessary and reasonable expenses incurred in any arrest for failure to appear. Any costs for missing court are payable to the State of Texas.

I will be **released without fees** and remain out of jail on this case as long as I go to court and follow any bond conditions (rules) for the Misdemeanor offense of <u>INTERFERE DUTIES PUB SERV</u>.

**If I miss any dates when I must appear in court or violate any other conditions of this bond, I may be arrested and be held in custody. I can prevent this by going to court.**

_(signature)_ for "FREE"

DEFENDANT SIGNATURE

<u>1202 EAST FIRST STREET</u>
ADDRESS

<u>HUMBLE, TX 77347</u>
CITY, STATE, ZIP CODE

★ **REMINDERS** help many people remember to go to court and avoid re-arrest. Sign up here:

Text Message Reminders ☒ Yes, send reminders!

Email Reminders ☐ <u>Yes, send reminders!</u>

---

> ### IMPORTANT INFORMATION ABOUT YOUR COURT APPEARANCE
> ★ Helpful Tip: Put date in phone ASAP/ Take photo of this form now to remember court date and info. ★
>
> * _Most cases will have additional steps and court dates. You must go to the court date listed above._
> * _You can ask for a lawyer at no cost to you, if you cannot afford one. The judge will determine if you qualify._
> * _Arrive early, because you will need to wait in line and go through security._
>
> **Help and questions:** Call Court #<u>5</u> (832-927-3200) or Justice Navigators (713-274-4357), or go to www.ccl.hctx.net/cr
> **If you miss court, you may have a warrant for your arrest.** To clear your warrant for missing the court date above, call your lawyer for advice and either: 1) Call Court #<u>5</u> (832-927-3200) immediately, **OR**
> 2) Go to the next Open Hours Court on Thursdays 8:30am-3pm, 1201 Franklin St. Open Hours Court schedule is at www.ccl.hctx.net/cr, and you can see any judge available that day.
> ➔ HOW TO PREVENT BEING ARRESTED AND/OR LOSING THIS BOND:
> * Go to all court dates where you must appear.
> * Do not commit a crime or do anything that could get you arrested.
> * Follow any conditions the judge may give you in the future. These conditions can be changed at any time, and you can ask the judge to make changes. You will receive a new form any time your conditions change.

---

APPROVED _____

SWORN TO AND SUBSCRIBED BEFORE ME on <u>May 22, 2025</u>

_(signature)_

JUDGE                    JUDGE'S SPN           PERSONAL BOND OFFICE EMPLOYEE, HARRIS COUNTY

---

Filed with <u>DC</u> on <u>05/22/2025</u> at <u>07:44am</u> by: <u>SU</u>
Defendant Notified: HCJ ☒  Non-Arrest ☐

Page 1 of 2
06-01-2023

05/30/2025
873075339





05/30/2025
873075339

CAUSE NO. <u>256541901010</u>

At a subsequent court appearance, the Court may add to or modify these general conditions of release and supervision, but until such time, these conditions of release and supervision shall apply until the case is disposed and/or the Court no longer has jurisdiction. If the defendant is again released on a bond after any revocation or forfeiture, the conditions listed above in this order shall remain and the defendant is ORDERED to comply. Failure to abide by these bond conditions may result in the Defendant's bond being forfeited or revoked and the Defendant arrested and confined. In addition, the Court has the authority to oversee the enforcement of its Orders, require its proceedings be conducted in an orderly, expeditious manner, and to ensure justice is done. See Tex. Gov't Code §21.001. Disobeying this Order could also constitute contempt, which is punishable by a fine of not more than $500.00, confinement in jail for up to six months, or both.

**Dated:** _____

**Judge's Signature**

**Defendant's Acknowledgment**

I understand the presiding judge of the court has attached these general conditions and compliance is mandatory. The judge is ordering me to obey the conditions listed above as a requirement of my continued release from custody. These conditions are to start immediately upon my release and proof of compliance may be requested prior to the next setting. I agree to these conditions. I understand that my failure to comply with these conditions may result in the forfeiture or revocation of my bond, my confinement, and possibly a separate action against me for contempt of court as detailed above.

**Dated:** <u>05/22/2025</u>



**Defendant's Signature**

CCL Form 54

03-23-2020



05/30/2025
873075339

CAUSE NO. <u>256541901010</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| V. | § | COURT AT LAW NUMBER <u>5</u> |
| <u>MUQALLIBU DEEN EL</u> | § | HARRIS COUNTY, TEXAS |

## GENERAL CONDITIONS OF RELEASE AND SUPERVISION

If released from custody, the defendant is **ORDERED** to comply with the following general conditions of release and supervision until the case is disposed:

- Defendant shall personally appear in court, on time, every time this case is set on the Court's docket (unless the Judge/Court, in writing, waives your court appearance)
- Defendant shall commit no crime and shall not engage in any conduct that could result in his/her arrest
- Defendant shall not have any threatening or harassing contact or communication with the prosecution's witness(s), the complainant(s), or the alleged victim(s) of the offense charged
- Defendant must not use, possess, or consume any controlled substance or dangerous drug unless obtained pursuant to a lawful prescription for the defendant issued by a medical doctor. You may be required to provide the Court with a copy of any such prescription.
- If the Defendant is charged with a Driving While Intoxicated offense, the defendant must not consume, possess, or use alcohol.
- If the Defendant is charged with Driving While Intoxicated 2nd Offender, the defendant must do the following:
  - (1) Install an ignition interlock device on the motor vehicle owned by or most regularly driven by the defendant within 7 calendar days of the defendant's release on bond; and
  - (2) Not operate any motor vehicle unless the motor vehicle is equipped with an ignition interlock device



CCL Form 54

03-23-2020



05/30/2025
873075339

05/30/2025
873075339



========================= **REQUIRED ADMINISTRATIVE DATA** =========================

**DEFENDANT IDENTIFICATION INFORMATION**

Date of Birth: <u>04/05/1971</u>

Place of Birth: <u>Texas</u>

Driver's License #: <u>11365014</u>

Driver's License State: <u>TX</u>

Height: <u>5'09</u>

Weight: <u>135</u>

Hair Color: <u>Black</u>

Eye Color: <u>Brown</u>

Race: <u>African-American</u>

Sex: <u>M</u>

**DEFENDANT CONTACT INFORMATION**

Cell Phone: <u>281-209-1539</u>

Home Phone:

Email Address: <u>UNKNOWN</u>

**NEAREST RELATIVE**

**DEFENDANT'S EMPLOYMENT INFORMATION**

Name: <u>None None</u>

Name: <u>Law</u>

Address: <u>1202 East First Street</u>

Address: <u>None</u>

City, State: <u>Humble, Texas</u>

City, State: <u>Houston, Texas</u>

Phone: <u>000-000-0000</u>

Phone: <u>000-000-0000</u>



05/30/2025
873075339

05/30/2025
873078339

CAUSE NO. 256541901010

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| | § | |
| VS. | § | COURT AT LAW NO. 5 |
| | § | |
| DEEN EL, MUQALLIBU | § | HARRIS COUNTY, TEXAS |

## STATE'S MOTION FOR BOND CONDITIONS

COMES NOW, THE STATE OF TEXAS, by and through its Assistant District Attorney and moves this Honorable Court to enter the following bond conditions:

☑    State also requests the Defendant be prohibited from the following:
No driving without a valid Driver's License.
No driving without valid proof of financial responsibility.

Respectfully submitted,

VAN NESS, COLE
Assistant District Attorney
Harris County District Attorney's Office
TBC No. 24146349
VANNESS_COLE@DAO.HCTX.NET

Cause No: 256541901010 Defendant: DEEN EL, MUQALLIBU
STATE'S MOTION FOR BOND CONDITIONS - Page 1 of 2



05/30/2025
873075339



05/30/2025

CAUSE NO. 256541901010

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| | § | |
| VS. | § | COURT AT LAW NO. 5 |
| | § | |
| DEEN EL, MUQALLIBU | § | HARRIS COUNTY, TEXAS |

## ORDER ON STATE'S MOTION FOR BOND CONDITIONS

On , the State's Motion for Bond Conditions was heard and having considered the Motion it is **GRANTED;** therefore, the Conditions requested in the Motion and detailed herein are ORDERED as Conditions of the Defendant's Bond.

Further, the Court has explained the Conditions to the Defendant, who has affirmatively acknowledged their understanding of these Conditions.

Conditions GRANTED:

☐     Defendant, whether a foreign national or not, is ordered to surrender any and all passports, visas, or other travel documents and is prohibited from obtaining or applying for any new or supplemental passport, visa, or travel document.

☐     Defendant shall have no contact with the Complainant in this case or anyone in complainant's household, including siblings and parents, in person or through any other person, telephonically, by mail, or by any other manner or means, for the duration of this cause and the following individual(s) and/or location(s):


☐     Defendant shall not operate any motor vehicle without a properly installed and operating ignition interlock device and in the absence of such device is prohibited from driving or operating any motor vehicle.

☐     Defendant shall not possess any firearms, ammunition, or other weapons.

☐     Defendant shall submit to random urinalysis.

☐     Defendant is prohibited from using, possessing, or consuming any alcohol, controlled substance, dangerous drug, or marijuana unless prescribed pursuant to a lawful prescription issued by a medical doctor.

☐     Defendant shall submit to electronic monitoring by signing the contractual agreements and complying with any stipulated curfews and rules.

Cause No: 256541901010, Defendant: DEEN EL, MUQALLIBU
ORDER ON STATE'S MOTION FOR BOND CONDITIONS - Page 1 of 2



05/30/2025
873075339



05/30/2025
873075339

**CERTIFICATE OF SERVICE**

I, VAN NESS, COLE, the undersigned attorney, hereby certify that a true and correct copy of the State's Motion for Bond Conditions was e-mailed to counsel for the Defendant (if any such counsel existed as attorney of record) on this date by electronic service using his State Bar of Texas official address for electronic service.

VAN NESS, COLE
Assistant District Attorney
Harris County District Attorney's Office

Cause No: 256541901010 Defendant: DEEN EL, MUQALLIBU
STATE'S MOTION FOR BOND CONDITIONS - Page **2** of **2**



05/30/2025
873075339

05/30/2025
873075339



☐    Defendant shall submit to GPS monitoring by signing the contractual agreements and complying with any stipulated curfews and rules.

☐    Defendant is subject to curfew and Defendant shall remain at home between the hours of and      .

☐    Defendant shall not have any contact with any minor child under the age of seventeen (17) years of age, for any reason, except as specifically permitted by the Court.

☐    Defendant shall not reside, go in, on or within one-thousand (1,000) feet of a premises where children commonly gather, including but not limited to: schools, day-care facilities, except as specifically permitted by the Court. The measurement of the distance between the residence of the Defendant and the premises where children gather shall be measured using the shortest, direct, straight line from the property line of the Defendant's residence to the property line of the premises where children commonly gather.

☐    Defendant shall not supervise or participate in any activity or program that includes participants or recipients who are seventeen (17) years of age or younger for any reason, except as specifically permitted by the Court.

☐    Defendant is forbidden from possessing or accessing any of the following: 1) any computer or cell phone with the ability to access the internet; 2) the Internet; 3) pornography of any kind.

☒    Defendant is prohibited from the following:
No driving without a valid Driver's License.
No driving without valid proof of financial responsibility.


Signed on May 29, 2025.


_____
Magistrate / Judge Presiding

May 29, 2025


_____
**DEEN EL, MUQALLIBU**
DEFENDANT


Cause No: 256541901010, Defendant: DEEN EL, MUQALLIBU
ORDER ON STATE'S MOTION FOR BOND CONDITIONS - Page **2** of **2**



05/30/2025
873075339

05/30/2025
873075339